NANCY E. KESSLER PLATT (D.C. Bar No. 425995)
*Associate General Counsel*
Nancy.Platt@nlrb.gov

DAWN L. GOLDSTEIN (MA Bar No. 600181)
*Deputy Associate General Counsel*
Dawn.Goldstein@nlrb.gov

CHAD A. WALLACE (D.C. Bar No. 1601387)
*Trial Attorney*
Chad.Wallace@nlrb.gov

**NATIONAL LABOR RELATIONS BOARD**
1015 HALF STREET, SE, 4TH FLOOR
WASHINGTON, DC 20570
TELEPHONE: (202) 273-2489
FAX: (202) 273-4244

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Defendants. | |

Plaintiff, the National Labor Relations Board, brings this civil action against Defendants, the State of California and the Public Employment Relations Board, and alleges as follows:

## INTRODUCTION

1.    This is an action for declaratory and injunctive relief to prevent the enforcement of Section 2 of California's recently enacted Assembly Bill No. 288 (attached as Exhibit A), which

amends California's Labor Code to permit California to regulate conduct covered by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, where the National Labor Relations Act has been "repealed, narrowed, or its enforcement enjoined in a case involving [a specific] worker," or, separately, if the National Labor Relations Board has been deemed by California to have "expressly or impliedly ceded jurisdiction," including by processing delays, lack of quorum, injunctions in particular cases, or a Supreme Court ruling that the members of the National Labor Relations Board do not possess tenure protections. Cal. Lab. Code § 923.1(b)(1)(A)–(B), *as amended*.

2.      The National Labor Relations Board seeks a declaration that the amendments to the California Labor Code in Section 2 of California Assembly Bill No. 288 are preempted by the National Labor Relations Act and an injunction against its enforcement is necessary because it creates a parallel regulatory system that undermines the federal labor policy Congress designed to be national in scope.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as it arises under the laws of the United States, specifically the Supremacy Clause of the United States Constitution (Article VI, Clause 2) and the National Labor Relations Act, *as amended*, 29 U.S.C. § 151 *et seq*.

4.      This Court has authority to provide the relief requested under the U.S. Constitution, 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent legal and equitable powers.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to the claim occurred in this district and the county of Sacramento.

**PARTIES**

6.      Plaintiff, National Labor Relations Board (NLRB or Board), is a federal agency created in 1935 by Congress, which vested it with the authority to enforce the National Labor Relations Act (NLRA or Act) and regulate most labor relations in the private sector.

7.      Defendant, the State of California, is a state of the United States.

8.      Defendant, the Public Employment Relations Board (PERB), is an agency of the State of California responsible for administering California's collective bargaining statutes.

**BACKGROUND**

9.      The NLRA guarantees "employees," as described by Section 2(3) of the Act (29 U.S.C. § 152(3)), certain rights in Section 7 (*id*. at § 157), enforces those rights by making certain employer and union activity unfair labor practices in Section 8 (*id*. at § 158), and provides for the designation and election of bargaining representatives in Section 9 (*id*. at § 159). It also empowers the Board, in Section 10 (*id*. at § 160), to enforce all these provisions and to prevent "any person" from engaging in unfair labor practices.

10.      Section 7 of the Act specifically states, *inter alia*, that:

> [e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all such activities[.]

*Id.* at § 157.

11.      Section 8(a)(1) of the Act specifically states that, "[i]t shall be an unfair labor practice for an employer … to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [S]ection 7[.]" *Id.* at § 158(a)(1).

3

12.     Section 10(a) of the Act grants the NLRB exclusive authority to prevent unfair labor practices affecting commerce. 29 U.S.C. § 160(a),

13.     Section 10(a) also empowers the NLRB to cede jurisdiction by:

> agreement with any agency of any State or Territory … over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) … unless the provision of the State or Territorial statute applicable to the determination of such cases … is inconsistent with … [the] Act[.]

*Id.*

14.     Section 14(c) of the Act allows the NLRB to decline jurisdiction in certain cases, but this discretion remains solely with the Board. *Id.* at § 164(c).

15.     States are prohibited from regulating any "activity that the [Act] protects, prohibits or arguably protects or prohibits," *Wisconsin Dep't of Indus. v. Gould Inc.*, 475 U.S. 282, 286 (1986)—*i.e.*, activity that is subject to the regulatory jurisdiction of the NLRB. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–46 (1959).

16.     The NLRB's authority is exclusive in matters covered by the NLRA, and it preempts state regulation in these areas. This preemption ensures a uniform national labor policy by preventing states from enacting laws or regulations that could disrupt the balance established by federal law.

17.     PERB is a state agency in California. Its initial iteration, the Educational Employment Relations Board, was created by the Educational Employment Relations Act of 1976 to oversee collective bargaining in California's public schools and community colleges. *See* Cal. Gov't Code § 3540. California's 1978 State Employer-Employee Relations Act, also known as the Ralph C. Dills Act, renamed the Educational Employment Relations Board to the Public

4

Employment Relations Board, and expanded its jurisdiction to include state government

employees. Cal. Gov't Code § 3513.

18.     Section 923 of the California Labor Code states that it is the public policy of the

state that:

> Negotiation of terms and conditions of labor should result from voluntary
>
> agreement between employer and employees. ... Therefore it is necessary that
>
> the individual workman have full freedom of association, self-organization, and
>
> designation of representatives of his own choosing, to negotiate the terms and
>
> conditions of his employment, and that he shall be free from the interference,
>
> restraint, or coercion of employers of labor, or their agents, in the designation of
>
> such representatives or in self-organization or in other concerted activities for
>
> the purpose of collective bargaining or other mutual aid or protection.

Cal. Lab. Code § 923.

19.     On September 30, 2025, Gavin Newsom, Governor of the State of California,

signed into law California Assembly Bill No. 288 (AB 288).

a.   AB 288 asserts in Section 1:

> California … has a right and responsibility ... to regulate the working conditions
>
> of workers within its borders ... when the NLRB is not adequately protecting
>
> those rights. ... California also recognizes that existing federal law cannot
>
> prevent it from doing its part to enforce and further the rights recognized by the
>
> NLRA[.]

Section 1(j).

b.   Section 2 amends the California Labor Code by adding Section 932.1, which

permits PERB to regulate private sector labor relations in California if certain

conditions are met. Section 2 has a phased rollout between January 1, 2026 and January 1, 2027.

20.     Section 1 of AB 288 erroneously claims that California has a right to regulate working conditions of private sector employees, and thereby violates the Supremacy Clause of the U.S. Constitution.

21.     Section 2's newly added California Labor Code Section 923.1 provides that employees may "form, join, or assist labor organizations, and, when they choose to do so collectively through selected or designated bargaining representatives, to engage in effective and expeditious collective bargaining that results in a collective bargaining agreement addressing their terms and conditions of employment." Cal. Lab. Code § 923.1(a)(2), *as amended*.

22.     Labor Code Section 923.1(b)(1) directs PERB to "protect and enforce the rights described in subdivision (a)." *Id.* at § 923.1(b)(1).

23.     If certain conditions are met, Labor Code Section 923.1 permits PERB to regulate private sector labor relations (including enforcing collective bargaining agreements, resolving charges related to labor disputes, and certifying bargaining representatives) in California that would otherwise fall under the jurisdiction of the NLRB. *See id.* at § 923.1(b)(1)(A)–(B) (describing conditions).

24.     If an employee is (or would have been) subject to the NLRA as of January 1, 2025, but the employee "lose[s] coverage" under the NLRA, because the NLRA is "repealed, narrowed, or its enforcement enjoined in a case involving that worker, whether through legislative, executive, or judicial action," and the worker is not otherwise covered by the Railway Labor Act or other California labor law, then that employee is permitted to file an unfair labor practice charge or representation petition with PERB. *Id*. at § 923.1(b)(1)(A), (c).

25.    Labor Code Section 923.1 separately provides that the NLRB will be considered to have "expressly or impliedly ceded jurisdiction" under several named circumstances:

   a.   where a certification in a representation case has issued or where challenges or objections to an election are pending before the Board, if the NLRB lacks a quorum, or when the Board "has lost its independence as a result of the Supreme Court finding that National Labor Relations Board members are unconstitutionally protected from removal or when the continued processing of a case is enjoined by a court due to constitutional challenges to the [B]oard's structure or authority," *id.* at § 923.1(b)(1)(B)(i);

   b.   where no certification or complaint or decision has issued, when processing delays result in the employee's case pending before a regional director for more than six months without issuing complaint or certifying an election, or remaining pending more than six months after complaint has issued without the issuance of a decision by an administrative law judge or the issuance of a decision about the certification by the NLRB, *id.* at § 923.1(b)(1)(B)(ii);

   c.   where a certification has issued by a regional director, and when processing delays result in the Board's failure to act for more than six months, *id.* at § 923.1(b)(1)(B)(iii); and

   d.   where cases are pending before the NLRB for more than twelve months without issuance of a final decision, *id.* at § 923.1(b)(1)(B)(iv).

26.    Once PERB's jurisdiction has been triggered, it retains authority over the matter unless a court orders otherwise, even if PERB determines that the conditions triggering its jurisdiction no longer apply. *Id.* at § 923.1(b)(2).

7

27.    The newly added Labor Code Section 923.1 creates a substantially different labor law regime than that of the NLRA. For example:

a.  Section 923.1 does not proscribe unfair labor practices against unions, as does Section 8(b) of the NLRA. *See* 29 U.S.C. § 158(b).

b.   Neither the newly added Section 923.1 nor the already established Section 923 specifically permits employers to express non-coercive views about unionization, as exists in Section 8(c) of the NLRA. *See id*. at § 158(c).

c.  Neither Section 923.1 nor Section 923 protects the right to refrain from engaging in protected concerted activity, as does the NLRA in Section 7 of the Act, 29 U.S.C. § 157.

d.  The NLRA spells out the step-by-step process the NLRB must follow to determine and certify bargaining units, *id.* at § 159, whereas AB 288 authorizes PERB to certify bargaining representatives automatically, if those representatives were previously certified by another state or federal agency. *See* Cal. Lab. Code § 923.1(c)(2), *as amended*.

e.  AB 288 empowers PERB to issue civil monetary penalties of $1,000 against employers per labor-law violation, *id.* at 923.1(e)(1)(E)(3), whereas the NLRB's statutory remedies are limited to make-whole relief. *See Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 194 (1941).

f.  Under AB 288, PERB may order parties to submit to binding arbitration to complete a collective bargaining agreement, after more than six months of negotiations. Cal. Lab. Code § 923.1(e)(1)(D). No such power is accorded to the Board. *See H.K. Porter Co. v. NLRB*, 397 U.S. 99, 102 (1970); *NLRB v. Am. Ins. Co.*, 343 U.S. 395, 404 (1952).

28.     The NLRB has not "expressly or impliedly ceded" jurisdiction, as described in Cal. Lab. Code § 923.1(b)(1)(B).

29.     Sections 10(a) and 14(c) of the Act contain explicit mechanisms by which the NLRB may cede or decline jurisdiction to state labor authorities. 29 U.S.C. §§ 160(a), 164(c).

30.     Sections 10(a) and 14(c) are the "exclusive" means by which the Board may choose to cede or decline jurisdiction. *See Guss v. Utah Lab. Rels. Bd*., 353 U.S. 1, 9 (1957); *NLRB v. Comm. of Interns & Residents*, 566 F.2d 810, 813 n.3 (2d Cir. 1977); *see generally NLRB v. California Horse Racing Bd.*, 940 F.2d 536, 538–39 (9th Cir. 1991).

31.     The enactment of Section 2 of AB 288 creates an instant conflict with the federal scheme because it disrupts the NLRB's exclusive authority to regulate most private sector labor relations.

## CLAIM FOR RELIEF

1.     Plaintiff incorporates by reference all allegations stated above.

2.     Section 2 of AB 288 is preempted by the NLRA under the Supremacy Clause of the United States Constitution because it empowers PERB to regulate activity arguably protected or prohibited by the Act, and stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Garmon*, 339 U.S. at 245.

3.     Section 2 of AB 288 unlawfully usurps the NLRB's authority by attempting to regulate areas explicitly reserved for federal oversight, creating a parallel regulatory framework that conflicts with the NLRA. This encroachment disrupts the balance of federal and state powers, as Congress desired that "centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid those diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies." *Garner v. Teamsters*, 346 U.S. 485, 490–91 (1953).

9

4.      Plaintiff seeks a declaratory judgment and injunctive relief to prevent the enforcement of Section 2 of AB 288, as it conflicts with federal law and disrupts the careful balance of interests established by Congress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that Section 2 of California Assembly Bill No. 288 is preempted by the National Labor Relations Act and is therefore invalid and unenforceable;

B.  Preliminarily enjoin Defendants from taking action to implement or enforce Section 2 of California Assembly Bill No. 288, pending the final resolution of this action;

C.  Permanently enjoin Defendants from enforcing Section 2 of California Assembly Bill No. 288;

D.  Award Plaintiff its costs and reasonable attorneys' fees; and

E.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

  /s/ Chad A. Wallace
CHAD A. WALLACE
D.C. Bar No. 1601387
*Trial Attorney*
Chad.Wallace@nlrb.gov
(202) 273-2489
Contempt, Compliance, and
   Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570

Dated: October 15, 2025

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF