Julie Gutman Dickinson (SBN 148267) – *designated for service*
jgd@bushgottlieb.com
Jennifer A. Abruzzo *(Pro hac vice forthcoming)*
jabruzzo@bushgottlieb.com
Hector De Haro (SBN 300048)
hdeharo@bushgottlieb.com
Luke Taylor (SBN 338327)
ltaylor@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Proposed Intervenor
International Brotherhood of Teamsters

(additional counsel on next page)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendant. | Case No. 2:25-cv-02979-TLN-CKD<br><br>Declaration of David O'Brien Suetholz In Support of International Brotherhood of Teamsters' Motion to Intervene<br><br>Judge:  Hon. Troy L. Nunley<br>Date:   December 18, 2025<br>Time:   2:00 p.m.<br>Crtrm.:  2<br><br>Trial Date:          None<br>Discovery Cutoff:   N/A<br>Motion Cutoff:      N/A |

David O'Brien Suetholz
dsuetholz@teamster.org
Clement Tsao
ctsao@teamster.org
Willie J. Burden
wburden@teamster.org
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 624-6847

Edward M. Gleason, Jr.
ed@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
128 C Street NW
Washington, D.C. 20001
Phone: (202) 978-3507

Pamela M. Newport *(Pro hac vice forthcoming)*
pamela@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
600 Vine Street | Suite 2720
Cincinnati, OH 45202
Phone: (513) 381-2224

Richard Griffin
rgriffin@bredhoff.com
BREDHOFF & KAISER, PLLC
805 15th Street NW Ste. 1000
Washington, DC 20005
Phone: (202) 842-2600

Jeanne Mirer
jmirer@julienmirer.com
JULIEN MIRER & ASSOCIATES, PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
Phone: (212) 231-2235

Ian Hayes
ihayes@hayesdolce.com
HAYES DOLCE LLP
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Phone: (716) 534-8388

Attorneys for Proposed Intervenor International Brotherhood of Teamsters

DECLARATION OF DAVID O'BRIEN SUETHOLZ IN SUPPORT OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS' MOTION TO INTERVENE

I, David O'Brien Suetholz, declare as follows:

1. I am General Counsel for the International Brotherhood of Teamsters (the "IBT" or "Union"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. The Union has numerous affiliated local unions, and two affiliated joint councils, that represent employees throughout California. Together, these local unions and joint councils serve as the exclusive bargaining representative for over 200,000 employees throughout the state of California. These locals and joint councils consult with and sometimes coordinate with the Union on organizing and representational activities. These locals and joint councils are governed in part by the Union's constitution. The Union is financed in part by a per capita tax on these locals, which tax is pegged to the monthly dues and fees payments that the locals receive from the employees they represent.

3. Amazon Delivery Service Partners ("DSPs") are contractors that employ Amazon delivery drivers. Investigations by the Union, its locals, and the NLRB have demonstrated that Amazon exercises enormous control over DSPs and DSP employees. For example, those investigations have revealed that Amazon directly controls these employees' wages and benefits, subjects its DSP employees to extensive surveillance technologies on the job, and imposes extensive performance and driving metrics.

4. On April 20, 2023, an Amazon Delivery Service Partner named Battle Tested-Strategies ("BTS") recognized IBT Joint Council 42 as the collective bargaining representative of BTS's employees (these representations duties were later transferred to IBT Local 396 under the Union's constitution). Based on

1 | Amazon's subsequent conduct as partly detailed below, Local 396 and Joint Council
2 | 42 filed multiple unfair labor practice charges against Amazon with the NLRB
3 | starting on May 2, 2023. The term 'unfair labor practices' refers to violations of the
4 | National Labor Relations Act ("NLRA"). *See* 29 U.S.C. § 158(a).

5 |     5.    As NLRB prosecutors concluded in an administrative Complaint that
6 | they issued against Amazon on September 30, 2024: Amazon is a joint employer of
7 | BTS's employees. On April 25, 2023 Amazon announced to BTS' employees that
8 | Amazon was terminating BTS' contract; and Amazon committed multiple unfair
9 | labor practices, including by failing to recognize and collectively bargain with Joint
10 | Council 42.

11 |     6.    The trial before the NLRB's administrative law judge on the allegations
12 | in the NLRB's Complaint was rescheduled multiple times, the first time unilaterally
13 | by the NLRB and then based on Amazon's alleged unavailability. The trial finally
14 | started on September 22, 2025. It soon was stalled by the current federal
15 | government shutdown, which prevents the NLRB from conducting proceedings
16 | including the trial. The trial is currently scheduled to resume in January 2026, and
17 | more dates will need to be scheduled for later in 2026.

18 |     7.    Nationwide, IBT locals and the Teamsters Amazon National
19 | Negotiating Committee ("TANNC") have at numerous Amazon facilities received
20 | support from a majority of employees in an appropriate collective bargaining unit.
21 | At these locations, these locals and TANNC have demanded that Amazon recognize
22 | and bargain with the locals and/or TANNC. Not once has Amazon responded by
23 | either doing so or by petitioning the NLRB to hold an election.

24 |     8.    Accordingly—among numerous other pending unfair labor practice
25 | charges against Amazon in California—the Union and Teamsters affiliates have
26 | filed charges for violations of *Cemex Constr. Materials Pac., LLC*, 37 NLRB No.
27 | 130 (Aug. 25, 2023) at Amazon's California facilities in: San Bernardino (NLRB
28 | charge 31-CA-357556, filed by the Union 12/27/2024); Victorville (NLRB charges

31-CA-354224, 31-CA-354186, 31-CA-354246, and 31-CA-354257, all filed 11/4/2024); and City of Industry (NLRB charges 21-CA-355937 and 21-CA-355940, filed 11/29/2024; and 21-CA-370515, filed 7/31/2025). The NLRB has still failed to complete its initial investigation of any of those charges. On information and belief, the NLRB has not yet even assigned a board agent to begin investigating the most recent City of Industry charge, which was filed nearly three months ago. These are just a few examples of how the delays and dysfunction at the NLRB have implicated the protected organizing and collective bargaining interests of the Union and its affiliates, and the rights of the workers that the Union and its affiliates represent and/or seek to represent.

9. Additionally, in many ways, the NLRB's delays and dysfunction have reduced the rate at which the Union can increase its membership. For example, based on my years of experience as a labor lawyer, I know that when employees see how long other employees must wait for their employers to be held accountable for refusing to bargain and for otherwise violating the NLRA, those employees are less likely to support a union or vote for union representation in an NLRB election. The NLRB's delays also cause some employees to question the efficacy of the Union's locals, which sometimes leads those employees to decertify the locals as their collective bargaining representative.

10. The NLRB's delays also require the Union and its locals to divert organizing resources toward maintaining morale among employees who often must wait several years before receiving enforceable judgments vindicating their NLRA rights. For example, when employees petition for decertification elections, the Union or its locals must devote organizing resources toward winning those elections, often fighting an employer's well-funded anti-union campaign. Absent these diversions, the Union and its locals could devote these resources to other ends, such as organizing new unions in workforces that currently lack union representation.

11. I believe AB 288 will help the Union avoid these diversions of its

resources, because AB 288 will help the Union and its locals avoid delays that they would face under the NLRB in protecting workers' rights. Avoiding those delays—in conjunction with AB 288's authorization of civil monetary outlays to deter employers from continuing to violate labor rights—will also make employees feel more empowered to unionize without fear of retaliation, and thus will increase dues and fees payments to the Union and its locals.

12. The union's California locals represent public employees in addition to private sector employees, and thus these locals often appear before California's Public Employment Relations Board.

13. New York recently enacted a law that, like AB 288, provides that state's Public Employment Relations Board ("New York PERB") jurisdiction over matters that have hereto fallen under the NLRB's jurisdiction. When that law took effect, the Union's New York local ALU-IBT Local 1 filed a charge with New York PERB based on Amazon's unlawful termination of one of that union's leaders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of October, 2025, at Washington D.C.

David O'Brien Suetholz