NANCY E. KESSLER PLATT (D.C. Bar No. 425995)
*Associate General Counsel*
Nancy.Platt@nlrb.gov

DAWN L. GOLDSTEIN (MA Bar No. 600181)
*Deputy Associate General Counsel*
Dawn.Goldstein@nlrb.gov

CHAD A. WALLACE (D.C. Bar No. 1601387)
*Trial Attorney*
Chad.Wallace@nlrb.gov

**NATIONAL LABOR RELATIONS BOARD**
1015 HALF STREET, SE, 4TH FLOOR
WASHINGTON, DC 20570
TELEPHONE: (202) 273-2489
FAX: (202) 273-4244

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Case No. 2:25−CV−02979−TLN−CKD |
| Plaintiff, | **DECLARATION OF WILLIAM B. COWEN IN SUPPORT OF MOTION FOR PRELIMINARY INUNCTION** |
| v. | |
| STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Defendants, | |
| and | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | |
| Intervenor. | |

I, WILLIAM B. COWEN, pursuant to 28 U.S.C. § 1746, declare as follows:

1

1.  On February 1, 2025, President Trump appointed me as Acting General Counsel of the National Labor Relations Board (NLRB or Board), and my term of service began on February 3, 2025.

2.  Prior to being appointed Acting General Counsel, I was the Regional Director for NLRB Region 21 in Los Angeles, California. I have also served in other roles at the NLRB, including as a Board Member and as Solicitor.

3.  President Trump's firing of former Board Member Wilcox on January 27, 2025, resulted in the loss of the required three-member quorum for the five-seat Board to act. Despite the current lack of a quorum, the NLRB continues to function effectively. I note, however, that from October 1 to November 12, 2025, the NLRB, along with the rest of the federal government, was shut down due to a lapse in appropriated funds.

4.  Regional offices across the country are operational, receiving and investigating unfair labor practice (ULP) charges on behalf of the Office of the General Counsel. Notably, regional offices resolve the overwhelming majority of cases before the need for a Board order.

5.  In instances where ULP complaints have been issued, those cases are advancing to hearings before Administrative Law Judges (ALJs), with decisions being rendered accordingly.

6.  The regional offices are also actively processing representation petitions, conducting elections, and resolving any election objections that arise.

7.  As the Acting General Counsel, I possess the authority, through contingent delegations from the Board that are effective when the Board lacks a quorum, to initiate court litigation, including proceedings under Section 10(j) of the Act, and to initiate any other court litigation that would otherwise require Board authorization. *See* 76 Fed. Reg. 69768-02 (2011).

DECLARATION OF WILLIAM B. COWEN

8. Since the commencement of my tenure over nine months ago, I have authorized five cases for Section 10(j) proceedings. Of those five cases: one settled before filing in district court (*Honeybee Foods Corp. d/b/a Jollibee*, Case 22-CA-340092), and the respondent-employer is complying with the terms of the settlement; one settled after a petition was filed in district court (*Schneider v. Eco-Alpha Envtl. and Eng'g Servs.*, No. 3:25-mc-80168 (N.D. Cal.)), and the employer agreed to all terms in the proposed 10(j) order; two petitions are currently pending in district courts (*Hooks v. Recreational Equipment, Inc.*, No. 6:25-CV-01530 (D. Or. filed Aug. 28) and *Andrews v. New Vitae, Inc.*, No. 2:25-cv-04515 (E.D. Pa. filed Aug. 7)); and one injunction has been granted (*Doyle v. Covenant House New York*, No. 25-cv-03642 (S.D.N.Y. Sept. 5, 2025), *appeal docketed* No. 25-2166 (2d Cir. Sept. 5, 2025)).

9. Accordingly, I have been able to robustly enforce the National Labor Relations Act (Act), even in the absence of a quorum, ensuring the continued protection of workers' rights and the stability of the collective bargaining process, in order to decrease industrial strife, which would interfere with interstate commerce.

10. California Assembly Bill 288 (AB 288), as enacted, creates confusion on the part of employees, labor unions, and employers as to their legal rights and regulatory obligations because it conflicts with the NLRB's exclusive authority to set national labor policy. AB 288 amends California's Labor Code to permit workers and unions to file representation petitions and unfair labor practice charges with the state's Public Employment Relations Board under certain circumstances, including when the state has deemed federal protections unavailable or ineffective under broad conditions. The resulting dual system of private sector labor regulation wastes employees' time and delays the ultimate resolution of labor disputes that are properly under the jurisdiction of the NLRB. And employees who are not

aware of the six-month time limitation in Section 10(b) of the Act, 28 U.S.C. § 160(b), could well miss this statute of limitations to have their charges resolved by the NLRB.

11. My concern about dueling systems of private sector labor relations is heightened by the statements of Intervenor, International Brotherhood of Teamsters (IBT), in its memorandum in support of its motion to intervene, that when specific provisions of AB 288 go into effect on January 1, 2026, IBT intends to avail itself of "the opportunity to seek "timely redress violations of its and its members' labor rights when the NLRB is not providing prompt accountability for lawbreaking activity." ECF No. 4-1 at 3.

12. IBT, or one of its affiliates, is the charging party in the following unfair labor practices cases currently pending in the NLRB's regional offices located in California, which each allege that Amazon.com Services, LLC (Amazon) violated the Act (listed by respective NLRB case numbers, charge filing date and current case status, and collectively attached as Exhibit A):[1]

| NLRB Case No. | Date Charge Filed | Current Case Status |
|---|---|---|
| 21-CA-355937 | 11/29/2024 | Investigation |
| 21-CA-355940 | 11/29/2024 | Investigation |
| 31-CA-354186 | 11/04/2024 | Investigation |
| 31-CA-354224 | 11/04/2024 | Investigation |
| 31-CA-354246 | 11/04/2024 | Investigation |
| 31-CA-354257 | 11/04/2024 | Investigation |
| 31-CA-357556 | 12/27/2024 | Investigation |

13. All the NLRB cases referenced in paragraph 12 have been pending longer than six months without a complaint being issued. Accordingly, under AB 288, the IBT will be able to file

---

[1] For cases where an administrative hearing has not yet begun, personally identifiable information is redacted pursuant to agency policy.

DECLARATION OF WILLIAM B. COWEN

those unfair labor practice charges with PERB beginning on January 1, 2026, even while they are still pending before the NLRB. Cal. Lab. Code § 923.1(b)(1)(B)(ii), *as amended*. Should PERB investigate and make merit determinations regarding any such parallel charges will cause confusion and likely delay the ultimate resolution of those labor disputes, contrary to the will of Congress to decrease industrial strife.

14. IBT affiliates are the charging parties in unfair labor practice Case No. 31-CA-317349, et al., against Amazon in California, in which a consolidated complaint issued on September 30, 2024, attached as Exhibit B. As more than six months have passed since that date, under AB 288, the IBT will be able to file unfair labor practice charges with PERB beginning on January 1, 2026, even while they are still pending before the NLRB. Cal. Lab. Code § 923.1(b)(1)(B)(ii), as amended. Should PERB investigate and make merit determinations regarding any such parallel charges will cause confusion and likely delay the ultimate resolution of those labor disputes, contrary to the will of Congress to decrease industrial strife.

15. The likely threat of dueling adjudicatory systems between the NLRB and PERB is heightened by what has already happened in New York State. New York recently enacted a law, S.8034A, granting its Public Employment Relations Board (New York Board) primary jurisdiction over labor relations matters for almost all private-sector employers and employees in the state, essentially supplanting the NLRB's exclusive jurisdiction. Soon after the New York law was signed, the Amazon Labor Union filed an unfair-labor-practice charge against Amazon with the New York Board regarding the termination of the same employee whose discipline is already being investigated by the NLRB.

DECLARATION OF WILLIAM B. COWEN

16.   If AB 288 is not preliminarily enjoined there will be likely irreparable harm from divergent

adjudicatory systems—the NLRB and PERB—that will result in conflicting policies that

will confuse employees, unions, and employers, and will thwart the will of Congress that

there be a uniform national labor policy administered by the NLRB.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2025,
at Washington, D.C.

_____
William B. Cowen, Acting General Counsel

6

DECLARATION OF WILLIAM B. COWEN

# Exhibit A

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|------|-----------|
| 21-CA-355937 | 11-29-2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|

a. Name of Employer
Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner Andiamo Logistics, Inc.

b. Tel. No.

c. Cell No.

f. Fax. No.

d. Address *(Street, city, state, and ZIP code)*
See Attachment

e. Employer Representative
See Attachment

g. e-mail
See attachment

h. Number of workers employed
50

i. Type of Establishment *(factory, mine, wholesaler, etc.)*
Warehouse

j. Identify principal product or service
Last Mile Delivery

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections) (5)            of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Teamsters Amazon National Negotiating Committee (TANNC)

4a. Address *(Street and number, city, state, and ZIP code)*
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

4b. Tel. No.
(619) 389-9584

4c. Cell No.

4d. Fax. No.

4e. e-mail
smartinez@teamster.org

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

6. DECLARATION
I declare that I have read the above charge and that the statements
are true to the best of my knowledge and belief.

*(signature of representative or person making charge)*          Julie Gutman Dickinson, Bush Gottlieb
          *(Print/type name and title or office, if any)*

Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203          Date 11/29/2024

Tel. No.
(213) 200-0260

Office, if any, Cell No.
(818) 973-3228

Fax No.
(818) 973-3201

e-mail
JGD@bushgottlieb.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

<u>**Attachment to Charge Against Employer**</u>

<u>**Employer**</u>**: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner Andiamo Logistics, LLC**

<u>**1.d and 1.e Employer Address and Representative**</u>



Amazon DAX5 Facility
15930 Valley Blvd.
City of Industry, CA 91744

Andiamo Logistics Inc.
32565B Golden Lantern # 230
Dana Point, CA 92629

<u>**1.g. Employer Email Address**</u>

<u>**2. Basis of the Charge**</u>

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1.      Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its

Delivery Service Partner ("DSP") Andiamo Logistics, LLC ("Andiamo Logistics"), as a single employer or as joint employers, recognize and bargain with the Union.

2.    Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and Andiamo Logistics recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3.    Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, *inter alia*, an order that Amazon and Andiamo Logistics, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|------|-----------|
| 21-CA-355940 | 11-29-2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner EZ Logistix, Inc. | b. Tel. No. |
|---|---|
| | c. Cell No. |
| | f. Fax. No. |

| d. Address *(Street, city, state, and ZIP code)*<br>See Attachment | e. Employer Representative<br>See Attachment | g. e-mail<br>See attachment |
|---|---|---|
| | | h. Number of workers employed<br>50 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse | j. Identify principal product or service<br>Last Mile Delivery |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)    (5)                                           of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Teamsters Amazon National Negotiating Committee (TANNC) | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(619) 389-9584 | |
| | 4c. Cell No. | |
| | 4d. Fax. No. | |
| | 4e. e-mail<br>smartinez@teamster.org | |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

### 6. DECLARATION
I declare that I have read the above charge and that the statements
are true to the best of my knowledge and belief.

*(signature of representative or person making charge)*        Julie Gutman Dickinson, Bush Gottlieb

*(Print/type name and title or office, if any)*

| | |
|---|---|
| Tel. No.<br>(213) 200-0260 | |
| Office, if any, Cell No.<br>(818) 973-3228 | |
| Fax No.<br>(818) 973-3201 | |
| e-mail<br>JGD@bushgottlieb.com | |

Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203        Date 11/29/2024

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

<u>**Attachment to Charge Against Employer**</u>

<u>**Employer**</u>**: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner EZ Logistix, LLC**

<u>**1.d and 1.e Employer Address and Representative**</u>

Amazon Logistics Inc. and Amazon.com Services LLC



Amazon DAX5 Facility
15930 Valley Blvd.
City of Industry, CA 91744

EZ Logistix, LLC

<u>**1.g. Employer Email Address**</u>

<u>**2. Basis of the Charge**</u>

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1.     Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its

Delivery Service Partner ("DSP") EZ Logistix, LLC ("EZ Logistix"), as a single employer or as joint employers, recognize and bargain with the Union.

2. Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and EZ Logistix recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3. Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, *inter alia*, an order that Amazon and EZ Logistix, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

FORM NLRB-501
(3-21)
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

Case 2:25-cv-05799-CMR Document 10-2    Filed 11/10/25    Page 14 of 45

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 31-CA-354186 | 11/4/2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner A-Team Delivers, LLC | b. Tel. No.<br><br>c. Cell No.<br><br>f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>See Attachment | e. Employer Representative<br>See Attachment | g. e-mail<br>See attachment<br><br>h. Number of workers employed<br>50 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse | j. Identify principal product or service<br>Last Mile Delivery |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)   (5)                                                    of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
Teamsters Amazon National Negotiating Committee (TANNC)

| 4a. Address *(Street, city, state, and ZIP code)*<br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(619) 389-9584<br><br>4c. Cell No.<br><br>4d. Fax. No.<br><br>4e. e-mail<br>smartinez@teamster.org |
|---|---|

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

## 6. DECLARATION

I declare that I have read the above charge and that the statements
are true to the best of my knowledge and belief.

| *Julie Gutman Dickinson*<br>(signature of representative or person making charge) | Julie Gutman Dickinson, Bush Gottlieb<br>(Print/type name and title or office, if any) | Tel. No.<br>(213) 200-0260<br><br>Office, if any, Cell No.<br>(818) 973-3228<br><br>Fax No.<br>(818) 973-3201 |
|---|---|---|
| Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203        Date 11/4/2024 | | e-mail<br>JGD@bushgottlieb.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**<u>Attachment to Charge Against Employer</u>**

**<u>Employer</u>: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner A-Team Delivers, LLC**

**<u>1.d and 1.e Employer Address and Representative</u>**

Amazon Logistics Inc. and Amazon.com Services LLC

███████████████████████████
███████████████████████

DFX4
15272 Bear Valley Rd.
Victorville, CA 92395

A-Team Delivers, LLC

████████████████████
████████████████

A-Team Delivers, LLC

████████████████████
████████████████

**<u>1.g. Employer Email Address</u>**

██████████████
██████████████████
████████████
██████████████

**2. Basis of the Charge**

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1.    Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its Delivery Service Partner ("DSP") A-Team Delivers LLC ("A-Team Delivers"), as a single employer or as joint employers, recognize and bargain with the Union.

2.    Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and A-Team Delivers recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3.    Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, inter alia, an order that Amazon and A-Team Delivers, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 31-CA-354224 | 11/4/2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner HK Logistics Inc. | b. Tel. No. |
|---|---|
| | c. Cell No. |
| | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>See Attachment | e. Employer Representative<br>See Attachment | g. e-mail<br>See attachment |
| | | h. Number of workers employed<br>60 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse | j. Identify principal product or service<br>Last Mile Delivery |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)     (5)                                                              of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
Teamsters Amazon National Negotiating Committee (TANNC)

| 4a. Address *(Street, city, state, and ZIP code)*<br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(619) 389-9584 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax. No. |
| | 4e. e-mail<br>smartinez@teamster.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | Tel. No.<br>(213) 200-0260 |
|---|---|
| *(signature of representative or person making charge)*     Julie Gutman Dickinson, Bush Gottlieb<br>*(Print/type name and title or office, if any)* | Office, if any, Cell No.<br>(818) 973-3228 |
| | Fax. No.<br>(818) 973-3201 |
| Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203     Date 11/4/2024 | e-mail<br>JGD@bushgottlieb.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

<u>**Attachment to Charge Against Employer**</u>

**<u>Employer</u>: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner HK Logistics Inc.**

**<u>1.d and 1.e Employer Address and Representative</u>**

Amazon Logistics Inc. and Amazon.com Services LLC

██████████████████████
██████████████████████

DFX4
15272 Bear Valley Rd.
Victorville, CA 92395

HK Logistics, Inc.

██████████████████████
██████████████████████

HK Logistics, Inc.

██████████████████████
██████████████████████

**<u>1.g. Employer Email Address</u>**

████████████
██████████████
██████████
████████████████

**2. Basis of the Charge**

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1.    Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its Delivery Service Partner ("DSP") HK Logistics Inc. ("HK Logistics"), as a single employer or as joint employers, recognize and bargain with the Union.

2.    Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and HK Logistics recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3.    Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, inter alia, an order that Amazon and HK Logistics, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 31-CA-354246 | 11/04/2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner Paolino Logistics, LLC | b. Tel. No. |
| | c. Cell No. |
| | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>See Attachment | e. Employer Representative<br>See Attachment | g. e-mail<br>See attachment |
| | | h. Number of workers employed<br>50 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse | j. Identify principal product or service<br>Last Mile Delivery | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)   (5)                    of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

### 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Teamsters Amazon National Negotiating Committee (TANNC)

| 4a. Address *(Street, city, state, and ZIP code)*<br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(619) 389-9584 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax. No. |
| | 4e. e-mail<br>smartinez@teamster.org |

### 5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

*(signature of representative or person making charge)*          Julie Gutman Dickinson, Bush Gottlieb
*(Print/type name and title or office, if any)*

Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203     Date  11/4/2024

| |
|---|
| Tel. No.<br>(213) 200-0260 |
| Office, if any, Cell No.<br>(818) 973-3228 |
| Fax No.<br>(818) 973-3201 |
| e-mail<br>JGD@bushgottlieb.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

A-013

**Attachment to Charge Against Employer**

**Employer: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner Paolino Logistics, LLC**

**1.d and 1.e Employer Address and Representative**

Amazon Logistics Inc. and Amazon.com Services LLC



DFX4
15272 Bear Valley Rd.
Victorville, CA 92395

Paolino Logistics LLC

Paolino Logistics LLC

**1.g. Employer Email Address**

## 2. Basis of the Charge

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1. Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its Delivery Service Partner ("DSP") Paolino Logistics LLC ("Paolino Logistics"), as a single employer or as joint employers, recognize and bargain with the Union.

2. Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and Paolino Logistics recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3. Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, *inter alia*, an order that Amazon and Paolino Logistics, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

| Case | Date Filed |
|---|---|
| 31-CA-354257 | 11/4/2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner Quick Trip Delivery, LLC | b. Tel. No.<br><br>c. Cell No.<br><br>f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>See Attachment | e. Employer Representative<br>See Attachment | g. e-mail<br>See attachment<br><br>h. Number of workers employed<br>80 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse | j. Identify principal product or service<br>Last Mile Delivery |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)    (5)                                             of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
See Attachment

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
Teamsters Amazon National Negotiating Committee (TANNC)

| 4a. Address *(Street and number, city, state, and ZIP code)*<br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(619) 389-9584 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax. No. |
| | 4e. e-mail<br>smartinez@teamster.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief.<br><br>*(signature of representative or person making charge)*   Julie Gutman Dickinson, Bush Gottlieb<br>                                                *(Print/type name and title or office, if any)* | Tel. No.<br>(213) 200-0260 |
|---|---|
| | Office, if any, Cell No.<br>(818) 973-3228 |
| | Fax No.<br>(818) 973-3201 |
| Address  801 N. Brand Blvd., Ste. 950, Glendale, CA 91203      Date 11/4/2024 | e-mail<br>JGD@bushgottlieb.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Attachment to Charge Against Employer

**Employer**: Amazon.com Services, LLC and its agent Amazon Logistics, Inc. (collectively "Amazon"), as a single and/or joint employer with its Delivery Service Partner
**Quick Trip Delivery, LLC**

### 1.d and 1.e Employer Address and Representative

Amazon Logistics Inc. and Amazon.com Services LLC



DFX4
15272 Bear Valley Rd.
Victorville, CA 92395

Quick Trip Delivery, LLC

### 1.g. Employer Email Address

### 2. Basis of the Charge

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Section 8(a)(1) and (5) of the Act by, *inter alia*:

1.      Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon and its

Delivery Service Partner ("DSP") Quick Trip Delivery LLC ("Quick Trip"), as a single employer or as joint employers, recognize and bargain with the Union.

2.     Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon and Quick Trip recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3.     Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, inter alia, an order that Amazon and Quick Trip, as a single employer and/or joint employers, recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 31-CA-357556 | 12/27/2024 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Tel. No. |
|---|---|
| Amazon.com Services, LLC aka Amazon Logistics, LLC | (888) 892-7180 |

c. Cell No.

f. Fax. No.

| d. Address *(Street, city, state, and ZIP code)* | e. Employer Representative | g. e-mail |
|---|---|---|
| Amazon KSBD Air Hub<br>2533 East 3rd Street<br>San Bernardino, CA 92346 | ▉▉▉▉▉▉ | ▉▉▉▉ |

h. Number of workers employed
1,000+

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Warehouse/ Retail Goods | j. Identify principal product or service<br>Warehouse/ Internet Commerce |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

See attached.

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>International Brotherhood of Teamsters |
|---|

| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>25 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | 4b. Tel. No.<br>(202) 624-6951 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax. No. |
| | 4e. e-mail<br>wburden@teamster.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*
International Brotherhood of Teamsters

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | Tel. No.<br>(818) 973-3228 |
|---|---|
| *Julie Gutman Dickinson* | Office, if any, Cell No.<br>(213) 200-0260 |
| *(signature of representative or person making charge)*    Julie Gutman Dickinson, Attorney<br>     *(Print/type name and title or office, if any)* | Fax. No.<br>(818) 973-2001 |
| Bush Gottlieb, a Law Corporation<br>Address 801 N. Brand Blvd., Suite 950 Glendale, CA 91203    Date December 27, 2024 | e-mail<br>jgd@bushgottlieb.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Attachment to ULP Charge Against Amazon Services, LLC aka Amazon Logistics, LLC

## Filed December 27, 2024

Within the past six months, the above-named Employer, through its supervisors, managers, and/or agents, has interfered with, restrained, and coerced employees in the exercise of their Section 7 rights in violation of Sections 8(a)(1) and (5) of the Act by, *inter alia*:

1.    Failing and refusing to recognize and bargain with the Union, or file an RM petition within a reasonable time, after a majority of employees in an appropriate unit designated the Union as their exclusive bargaining representative and demanded that Amazon recognize and bargain with the Union.

2.    Committing egregious unfair labor practices both before and after a majority of employees in an appropriate unit demanded that Amazon recognize and bargain with the Union, thereby destroying the laboratory conditions necessary for a free and fair election that reflects the uncoerced choice of a majority of employees.

3.    Failing and refusing to furnish relevant and necessary information requested by the Union in its capacity as the employees' exclusive bargaining representative.

**Due to the egregious nature of the Employer's conduct—designed to chill all Union and protected concerted activities, destroy employees' organizing and bargaining efforts, and undermine the Act—the Union requests pursuit of immediate injunctive relief under Section 10(j) of the Act including, *inter alia*, an order that Amazon recognize and bargain in good faith with the Union for a fair contract, under the Board's decisions in *Cemex* and/or *Gissel*.**

# Exhibit B

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31**

| | |
|---|---|
| **AMAZON.COM SERVICES, LLC AND ITS AGENT AMAZON LOGISTICS, INC. (COLLECTIVELY "AMAZON"), AS A JOINT EMPLOYER WITH BATTLE TESTED STRATEGIES ("BTS")** | **Cases 31-CA-317349 31-CA-319781 31-CA-320596** |

     **and**

**TEAMSTERS JOINT COUNCIL 42**

     **and**

**TEAMSTERS LOCAL 396**

**ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT,
AND NOTICE OF HEARING**

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 31-CA-317349, 31-CA-319781, and 31-CA-320596, which are based on charges filed by Teamsters Joint Council 42 and Teamsters Local 396, referred to collectively as the Charging Party, against Amazon.com Services, LLC ("Respondent Amazon.com Services") and its agent Amazon Logistics, Inc., ("Respondent Amazon Logistics"), referred to collectively as Respondent Amazon, as a joint employer with Battle Tested Strategies ("BTS"), whose correct name is Battle Tested Strategies, LLC ("Respondent BTS"), are consolidated. Respondent Amazon and Respondent BTS are referred to collectively as Respondents.

This Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act

(the Act), 29 U.S.C. § 151 et seq. and Section 102.15 of the Board's Rules and Regulations and alleges Respondents have violated the Act as described below.

1.    The charges in the above cases were filed by the Charging Party, as set forth in the following table, and served upon the respective Respondents on the dates indicated by U.S. mail:

| Case No. | Amendment | Respondent | Date Filed | Date Served |
|---|---|---|---|---|
| 31-CA-317349 | N/A | Amazon Logistics | 5/2/2023 | 5/4/2023 |
| 31-CA-317349 | First Amended | Amazon | 8/7/2024 | 8/9/2024 |
| 31-CA-317349 | Second Amended | Amazon | 8/21/2024 | 8/23/2024 |
| 31-CA-317349 | Second Amended | BTS | 8/21/2024 | 9/5/2024 |
| 31-CA-319781 | N/A | Amazon Logistics | 6/9/2023 | 6/12/2023 |
| 31-CA-319781 | First Amended | Amazon | 8/7/2024 | 8/9/2024 |
| 31-CA-319781 | Second Amended | Amazon | 8/21/2024 | 8/23/2024 |
| 31-CA-319781 | Second Amended | BTS | 8/21/2024 | 9/5/2024 |
| 31-CA-320596 | N/A | Amazon Logistics | 6/26/2023 | 6/26/2023 |
| 31-CA-320596 | First Amended | Amazon | 8/7/2024 | 8/9/2024 |
| 31-CA-320596 | Second Amended | Amazon | 8/21/2024 | 8/23/2024 |
| 31-CA-320596 | Second Amended | BTS | 8/21/2024 | 9/5/2024 |

2.    (a)    At all material times, Respondent Amazon.com Services has been a limited liability company with facilities located at 600 Technology Drive, Palmdale, California, ("DAX8 Facility") and has been engaged in the retail sale and distribution of consumer goods.

(b)    During the last fiscal year, in conducting its operations described in paragraph 2(a), Respondent Amazon.com Services has derived gross revenues in excess of $500,000.

(c)     During the last fiscal year, in conducting its operations described in paragraph 2(a), Respondent has sold and shipped from its Palmdale, California, facility products, goods and materials valued in excess of $5,000 directly to points outside the State of California.

(d)     At all material times, Respondent Amazon.com Services has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

3.     (a)     At all material times, Respondent Amazon Logistics has been a State of Delaware corporation that contracts with Delivery Service Partners ("DSP") for the transportation of goods to Amazon.com customers.

(b)     During the 12-month period ending April 18, 2024, Respondent Amazon Logistics, in conducting its operations described above in paragraph 3(a), contracted for services valued in excess of $50,000 in states other than the State of California.

(c)     At all material times, Respondent Amazon Logistics has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.     (a)     At all material times, Respondent BTS, has been a State of California limited liability company with an office located at 650 Commerce Avenue, Suite E, Palmdale, California, and delivered packages strictly for Respondent Amazon.

(b)     During the 12-month period ending June 24, 2023, a representative period, Respondent BTS, in conducting its operations described above in paragraph 4(a), provided services valued in excess of $50,000 to Respondent Amazon.com Services, an enterprise directly engaged in interstate commerce.

(c)     At all material times, Respondent BTS has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

5.      At all material times, Respondent Amazon Logistics has provided logistical services and facilitated the delivery of goods ordered from Respondent Amazon.com Services and has been an agent of Respondent Amazon.com Services within the meaning of Section 2(13) of the Act.

6.      (a)      At all material times, Respondent Amazon Logistics and Respondent BTS were parties to a Delivery Service Partner Program Agreement, which governed the transportation and delivery services provided by Respondent BTS to Respondent Amazon at the DAX8 facility.

(b)      At all material times, Respondent Amazon possessed and exercised control over the labor relations policy of Respondent BTS and administered a common labor policy with Respondent BTS for the employees of Respondent BTS at the DAX8 facility.

(c)      At all material times, Respondent Amazon and Respondent BTS have been joint employers of Respondent BTS's employees working at the DAX8 facility.

7.      At all material times, Teamsters Joint Council 42 ("the Union") has been a labor organization within the meaning of Section 2(5) of the Act.

8.      At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of the named Respondents within the meaning of Section 2(11) of the Act and/or agents of the named Respondents within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Nicolas DeLong | - | Program Manager for Respondent Amazon |
| Kirsten Bentley | - | Business Coach Manager for Respondent Amazon |
| Jim Miller | - | Senior Business Coach Manager for Respondent Amazon |

| | | |
|---|---|---|
| Thomas Minda | - | Senior Business Coach Manager for Respondent Amazon |
| Jimmy Wilson | - | Director for the North American DSP Program for Respondent Amazon |
| Andrew Wlasichuk | - | General Manager of Operations for Respondent Amazon |
| Tim Wu | - | Business Coach Manager for Respondent Amazon |
| Johnathon Ervin | - | Owner of Respondent BTS |
| Veronica Fields | - | Operations Manager for Respondent BTS |
| Unidentified Persons | - | Corporate employees of Respondent Amazon |
| Unnamed Attorney | - | Outside Legal Counsel for Respondent Amazon |

9.     About April 24, 2023, Respondent Amazon, at the DAX8 facility, hired security guards.

10.     About April 24, 2023, Respondent Amazon, at the DAX8 facility, increased the number of managers at the DAX8 facility.

11.     About April 24, 2023, Respondent Amazon, by an unidentified female corporate employee, in the parking lot of the DAX8 facility, by soliciting employee complaints and grievances, promised its employees increased benefits and improved terms and conditions of employment if they refrained from union organizational activity.

12.     About April 25, 2023, Respondent Amazon, by General Manager of Operations Andrew Wlasichuk, in the DAX8 parking lot:

(a)     announced and threatened employees with ending BTS's DSP contract;

(b)     threatened employees with job loss;

(c)    by telling employees that BTS's DSP contract had been cancelled and to not support the Union, informed employees that it would be futile for them to select the Union as their bargaining representative.

13.    About April 25, 2023, Respondents Amazon and BTS, through General Manager of Operations Andrew Wlasichuk, at the DAX8 parking lot, held a mandatory or effectively mandatory captive-audience meeting to discourage union activity.

14.    (a)    About April 27, 2023, Respondent Amazon, at the DAX8 facility, delayed start times for BTS employees by not timely preparing packages for loading.

(b)    About late April to May 2023, Respondent Amazon, at the DAX8 facility:

i.    Increased the number, frequency, and comprehensiveness of vehicle inspections;

ii.    Increased the frequency of vehicle groundings;

iii.    Delayed start times by grounding vehicles.

(c)    Respondent Amazon engaged in the conduct described above in paragraph14(a)–(b) because the Respondents' employees joined the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

15.    (a)    The following employees jointly employed by Respondents constitute a unit appropriate for the purposes of collective bargaining within the meaning Section 9(b) of the Act ("the Unit"):

> All delivery drivers and dispatchers employed at 600 Technology Drive, Palmdale, California 93551.

(b)    Since about April 20, 2023, and at all material times, Respondent BTS has recognized the Union as the exclusive collective-bargaining representative of the Unit. This

recognition has been embodied in a collective-bargaining agreement, effective from May 1, 2023 to April 30, 2026.

(c)    At all times since April 20, 2023, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

16.    (a)    About April 26, 2023, the Union, by letter sent via email to Respondent Amazon's outside legal counsel, requested that Respondent Amazon recognize it as the exclusive collective-bargaining representative of the Unit and bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit.

(b)    By virtue of the joint employer relationship between Respondent Amazon and Respondent BTS as alleged in paragraph 6 and because of Respondent BTS's voluntary recognition of the Union as alleged in paragraph 15(b), Respondent Amazon, at all times since April 26, 2023, based on Section 9(a) of the Act, was obligated to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

(c)    Since about April 28, 2023, Respondent Amazon has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

17.    (a)    About April 14, 2023, Respondent Amazon informed Respondent BTS that it was terminating the DSP contract with Respondent BTS, effective as of June 24, 2023.

(b)    About late April to May 2023, Respondent Amazon, at the DAX8 facility, increased the number of inspectors working at the DAX8 facility.

(c)    Since about May 20, 2023, through June 23, 2023, Respondent Amazon reduced Respondent BTS's routes.

(d)     About June 23, 2023, Respondent Amazon eliminated all of Respondent BTS's routes.

(e)     About June 24, 2023, Respondent Amazon terminated Respondent BTS's DSP contract.

(f)     About June 24, 2023, Respondents laid off/terminated the employees in the Unit.

(g)     The subjects set forth above in paragraphs 17(b), (c), (d), (e), and (f) relate to the wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(h)     Respondent Amazon engaged in the conduct described above in paragraphs 17(b), (c), (d), (e), and (f) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondents with respect to the effects of this conduct.

18.     (a)     Since about April 26, 2023, the Union has requested in writing that Respondent Amazon furnish it with the following information:

> i.   What is the minimum wage that Amazon requires BTS to pay its drivers? Please provide documents describing that minimum wage, including any communications to BTS increasing or otherwise changing the minimum wage.
> ii.  Documents describing any other requirements that Amazon imposes on BTS regarding drivers' wages.
> iii. Documents describing the requirements that Amazon sets for the types, frequency, and duration of breaks that BTS must provide its drivers.
> iv.  Documents describing the paid time off that Amazon requires BTS to provide its employees.
> v.   Documents describing Amazon's performance requirements for BTS's drivers.
> vi.  Documents describing Amazon's involvement in the discipline—suspension, removal, termination, or otherwise—of BTS's employees.
> vii. Has Amazon directed that any BTS employees can no longer perform work under Amazon's contract with BTS? Please provide the names of

the employees and the date of each such direction, as well as any documents and communications related to such directions.

viii.   Documents describing Amazon's involvement in the scheduling of BTS's employees.

ix.   Documents describing Amazon's involvement in assigning work to BTS's employees.

x.   Does Amazon monitor employee compliance with the Battle-Tested Strategies Employee Handbook and the policies and requirements set forth therein? If so, please describe the extent of Amazon's monitoring or involvement and provide any relevant documents.

xi.   Are BTS's employees driving under Amazon's operating authority or under BTS's operating authority? Please provide any documents related to Amazon's requirements for BTS related to operating authority.

xii.   Documents describing the technology Amazon uses to track BTS's drivers, including but not limited to:

1) Description of the monitoring technology

2) Details about the information collected by the technology

3) Details about how frequently this information is collected

4) Details about how Amazon can access this information

5) Details about how Amazon uses the information collected by this technology.

xiii.   All communications between Amazon and BTS which in any way relate to employees' terms and conditions of employment, including but not limited to:

1) wages

2) benefits

3) performance

4) performance requirements

5) discipline

6) removal

7) termination

8) scheduling

(b)    The information requested by the Union, as described above in paragraph 18(a) is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the Unit.

9

(c)    Since about April 28, 2023, Respondent Amazon, by its unnamed outside legal counsel, in writing, has failed and refused to furnish the Union with the information requested by it as described above in paragraph 18(a).

19.    By the conduct described in paragraphs 9-13, Respondents have been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act, in violation of Section 8(a)(1) of the Act.

20.    By the conduct described in paragraph 14, Respondents have been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

21.    By the conduct described in paragraphs 16(c), 17(b)-(f) and (h), and 18(c), Respondents have been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

22.    The unfair labor practices of Respondents described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices set forth above, the General Counsel seeks an Order requiring:

i.    Respondents make whole the Unit in the manner set forth in *Transmarine Navigation Corp.*, 170 NLRB 389 (1968);

ii.    Respondent Amazon mail to the personal addresses of the employees in the Unit and electronically distribute the Notice by all methods that Respondent Amazon communicates with employees, including but not limited to email, text message, social

media, Voice of Associates (VOA) and applications, including the Amazon A to Z app and its "inSites," Amazon's E-Mentor app, and Amazon's Flex app;

iii.    Respondent Amazon post the Board's Explanation of Employee Rights Poster for one year to ensure that employees fully understand their rights under the Act;

iv.    Respondents provide the laid off/terminated Unit employees with a neutral letter of reference that will contain the employees' dates of employment, position held and that their performance was satisfactory and it will not mention the circumstances surrounding their termination of employment and these Board charges;

v.    Respondent Amazon, within 60 days of the issuance of a Board Order, permit a Board Agent to conduct a training on the National Labor Relations Act and unfair labor practices for all management officials and supervisors employed by Respondent Amazon at the DAX8 facility. This training will take place either in person or via a videoconference platform, at the General Counsel's discretion. The date, time, and manner of the training must be approved by the General Counsel. The General Counsel will determine the curriculum for the training;

vi.    Respondent Amazon provide copies of the Notice to all its new supervisors and managers who work at the DAX8 facility and provide the Regional Director of Region 31 written proof of compliance.

vii.    Respondent Amazon request that its DSP partners operating at DAX8 hire laid-off/terminated Unit employees into positions equivalent to the positions the employees previously held;

viii.    To the extent insufficient positions are available, Respondent Amazon maintain a preferential hiring list of displaced Unit employees and request that DSP partners hire

individuals off that list until all individuals on the list have received an offer of equivalent employment.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondents are notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, they must file an answer to the complaint. The answer must be **received by this office on or before October 15, 2024, or postmarked on or before October 14, 2024**. Respondents also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within

three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## **<u>NOTICE OF HEARING</u>**

PLEASE TAKE NOTICE that on **March 25, 2025, at 9:00 a.m.,** at 11500 W. Olympic Blvd., Suite 600, Los Angeles, CA 90064, in an available hearing room, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondents and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  September 30, 2024

_Danielle Pierce_

Danielle Pierce
Acting Regional Director
National Labor Relations Board, Region 31
11500 West Olympic Blvd., Suite 600
Los Angeles, Ca 90064

Attachments

13

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 31-CA-317349

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1)  The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in **detail**;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Andrew Wlasichuk , Director of Operations
Amazon.com Services, LLC and its agent
  Amazon Logistics, Inc. (collectively
  "Amazon"), as a joint employer with Battle
  Tested Strategies ("BTS")
Amazon DAX8 Facility 600 Technology
  Drive
Palmdale, CA 93551

Brian M. Stolzenbach , Attorney
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606

Harrison C. Kuntz , Attorney
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606

Janine E. Raduechel , Attorney at Law
Seyfarth Shaw LLP
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017

Johnathon Ervin , Owner
Battle-Tested Strategies, LLC
829 W. Palmdale Blvd., #181
Palmdale, CA 93551

Randy Korgan
Teamsters Joint Council 42
981 Corporate Center Dr. Suite 200
Pomona, CA 91768

Victor Mineros , Secretary Treasurer
Teamsters Local 396
880 Oak Park Road Suite 200
Covina, CA 91724

Hector De Haro , Attorney at Law
Bush Gottlieb, A Law Corporation
801 North Brand Boulevard., Suite 950
Glendale, CA 91203

Julie Gutman Dickinson , Attorney at Law
Bush Gottlieb, A Law Corporation
801 North Brand Blvd., Suite 950
Glendale, CA 91203

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative.** If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.    BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.    DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered**

(OVER)

Form NLRB-4668
(6-2014)

**in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**: An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval. Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion. If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:** You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**: Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ. The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.    AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations. Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:** If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred. You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request. You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:** In due course, the ALJ will prepare and file with the Board a decision in this matter. Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision. The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**: The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.