NANCY E. KESSLER PLATT (D.C. Bar No. 425995)
*Associate General Counsel*
Nancy.Platt@nlrb.gov

DAWN L. GOLDSTEIN (MA Bar No. 600181)
*Deputy Associate General Counsel*
Dawn.Goldstein@nlrb.gov

CHAD A. WALLACE (D.C. Bar No. 1601387)
*Trial Attorney*
Chad.Wallace@nlrb.gov

**NATIONAL LABOR RELATIONS BOARD**
1015 HALF STREET, SE, 4TH FLOOR
WASHINGTON, DC 20570
TELEPHONE: (202) 273-2489
FAX: (202) 273-4244

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendants,<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor. | Case No. 2:25−CV−02979−TLN−CKD<br><br>**MOTION FOR ADMINISTRATIVE RELIEF, APPLICATION TO SHORTEN TIME ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND INITIAL STIPULATION EXTENDING TIME FOR RESPONSIVE PLEADINGS**<br><br>*Filed concurrently with: 1. Declaration of Chad A. Wallace; and 2. [Proposed] Order* |

Pursuant to Local Rules 144(e) and 233, Plaintiff National Labor Relations Board (NLRB) makes this Application to shorten the 35-day period allotted under Local Rule 230(b) so that the

1

Court may expeditiously hear and consider Plaintiff's Motion for Preliminary Injunction (ECF No. 10) on December 18, 2025. The shortened time period is critical because the California law that the NLRB is challenging as preempted, California Assembly Bill No. 288, 2025 Cal. Legis. Serv. Ch. 139 (A.B. 288), goes into effect on January 1, 2026. The parties met on November 18, 2025, and discussed the following:

1. The NLRB requested that Defendants, the State of California and the Public Employment Relations Board, either stay implementation of the law or place any cases filed after January 1, 2026, in abeyance, pending resolution of the NLRB's Motion for Preliminary Injunction. Defendants stated that they were unable to agree to the NLRB's request.

2. The NLRB's position is that it will be irreparably harmed if A.B. 288 goes into effect on January 1, 2026; therefore, it must seek a hearing date on its motion at the earliest possible time.

3. The NLRB informed the parties that it would seek a December 18, 2025, hearing date on its motion, despite it being fewer than 35 days from the filing of the motion, as required by Local Rule 230(b).

4. Defendants stated that they would agree to the shorter motion period only if they retain the full 14 days to respond to the NLRB's motion, as provided in Local Rule 230(b).

5. Defendant, State of California, clarified to the NLRB on November 19, 2025, that it disagrees with the NLRB's position that it will suffer irreparable harm if A.B. 288 goes into effect on January 1, 2026. The State would, however, agree to the shorter motion period—with the motion to be heard on December 18, 2025—but only if: (1) it retains the full 14 days to respond to the NLRB's motion; and (2) the Parties stipulated

to extend the timeframe, under Local Rule 144, for Defendants and Intervenor to respond to the NLRB's complaint until 14 days after the Court's decision on the Motion for Preliminary Injunction.

6. Intervenor, the International Brotherhood of Teamsters, provided its position the morning of November 19, 2025. Intervenor stated that it does not believe shortening the 35-day period allotted under Local Rule 230(b) for Plaintiff's motion is necessary because no irreparable harm would result from a regularly scheduled motion, or from A.B. 288 going into effect on January 1, 2026. They would, however, agree to the shorter motion period—with the motion to be heard on December 18, 2025—but only if: (1) they retain the full 14 days to respond to the NLRB's motion; and (2) the Parties stipulated to extend the timeframe, under Local Rule 144, for Defendants and Intervenor to respond to the NLRB's complaint until 14 days after the Court's decision on the Motion for Preliminary Injunction.

7. The parties therefore agree to the following schedule:

    a. Defendants and Intervenor will file any opposition by December 3, 2025;

    b. Any responsive pleadings from Defendants or Intervenor will be filed within 14 days after this Court's order on the Motion for Preliminary Injunction;

The NLRB requests that the Court allow it to file its reply by December 11, 2025, but will do so earlier if required by the Court.

WHEREFORE, Plaintiff, the National Labor Relations Board, respectfully requests this Court to grant its Motion for Administrative Relief and Application to Shorten Time on Plaintiff's Motion for Preliminary Injunction, and approve the Stipulation Extending Time for Responsive Pleadings.

                                                    Respectfully submitted,

                                                    _____

                                                    CHAD A. WALLACE
                                                    *Trial Attorney*
                                                    Chad.Wallace@nlrb.gov
                                                    (202) 273-2489
                                                    Contempt, Compliance, and
                                                        Special Litigation Branch
                                                    1015 Half Street, S.E., 4th Floor
                                                    Washington, D.C. 20570

Dated this 19th day of November, 2025
in Washington, D.C.

MOTION FOR ADMINISTRATIVE RELIEF-APPLICATION TO SHORTEN TIME