1  NANCY E. KESSLER PLATT (D.C. Bar No. 425995)
   *Associate General Counsel*
2  Nancy.Platt@nlrb.gov
3
   DAWN L. GOLDSTEIN (MA Bar No. 600181)
4  *Deputy Associate General Counsel*
   Dawn.Goldstein@nlrb.gov
5
6  CHAD A. WALLACE (D.C. Bar No. 1601387)
   *Trial Attorney*
7  Chad.Wallace@nlrb.gov
8  **NATIONAL LABOR RELATIONS BOARD**
   1015 HALF STREET, SE, 4TH FLOOR
9  WASHINGTON, DC 20570
10 TELEPHONE: (202) 273-2489
   FAX: (202) 273-4244
11
   *Attorneys for Plaintiff*
12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Case No. 2:25−CV−02979−TLN−CKD |
| Plaintiff, | **DECLARATION OF CHAD A. WALLACE IN SUPPORT OF APPLICATION TO SHORTEN TIME FOR PRELIMINARY INJUNCTION MOTION** |
| v. | |
| STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Defendants, | |
| and | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS | |
| Intervenor. | |

I, CHAD A. WALLACE, pursuant to 28 U.S.C. § 1746, declare as follows:

1

DECLARATION OF WILLIAM B. COWEN

1. I am an attorney duly admitted to practice before this Court. I am a trial attorney within the Contempt, Compliance, and Special Litigation Branch, Division of Legal Counsel with Plaintiff, the National Labor Relations Board (NLRB). I am also the NLRB's counsel of record for the instant matter. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently testify. I make this declaration in support of the NLRB's Application to Shorten Time on Plaintiff's Motion for Preliminary Injunction.

2. On October 15, 2025, the NLRB filed the complaint in the instant matter. At that time, the federal government was shut down due to a lapse of congressionally appropriated funds. Accordingly, the NLRB was unable to secure a process server to properly serve Defendants with the summons and complaint.

3. On November 13, 2025, following the restoration of appropriated funds, the NLRB was able to secure a process server to serve Defendants. Service was completed on both Defendants by November 17, 2025. *See* ECF Nos. 7–8 (affidavits of service).

4. Under Local Rule 230(b), hearings on motions may not take place fewer than 35 days from the date the motion is filed.

5. On November 18, 2025, prior to the NLRB filing its Notice of Motion and Motion for Preliminary injunction, the parties met and conferred. The NLRB requested that Defendants, the State of California and the Public Employment Relations Board, either stay implementation of California Assembly Bill No. 288, 2025 Cal. Legis. Serv. Ch. 139 (A.B. 288) or place any cases filed after January 1, 2026, in abeyance, pending resolution of the NLRB's Motion for Preliminary Injunction. Defendants stated that they were unable to agree to the NLRB's request. The NLRB then informed the Defendants and Intervenor that the NLRB's Motion would ask the Court to set the hearing date for December 18, 2025, which would be fewer than the 35 days required by Local Rule 230(b). The NLRB

requested that the parties agree to stipulate to a briefing schedule that would allow the matter to be heard by the Court on December 18.

6. On November 19, 2025, the NLRB filed a Notice of Motion and Motion for a Preliminary Injunction (ECF No. 10) to enjoin Defendants from implementing Section 2 of A.B. 288. The NLRB's Motion requests that this Court hear its motion on December 18, 2025, which is fewer than 35 days from the date the NLRB's Motion was filed.

7. It is critical that the NLRB's Motion be heard at the earliest possible date because Section 2 of A.B. 288 is set to go into effect on January 1, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2025,
at Washington, D.C.

   /s/ Chad A. Wallace
Chad A. Wallace
Trial Attorney
National Labor Relations Board