1  Scott A. Kronland (SBN 171693)
   Stacey M. Leyton (SBN 203827)
2  Emanuel Waddell (SBN 350156)
   ALTSHULER BERZON LLP
3  177 Post Street, Suite 300
4  San Francisco, CA 94108
   Tel. (415) 421-7151
5  Fax (415) 362-8064
   skronland@altber.com
6  sleyton@altber.com
7  ewaddell@altber.com

8  *Attorneys for Amici Curiae Labor Law Professors*

9

10 UNITED STATES DISTRICT COURT

11 FOR THE EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD<br>    Defendants;<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>    Intervenor. | Case No. 2:25−CV−02979−TLN−CKD<br><br>**UNOPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:<br>Time:<br>Place: Courtroom 2, 15th floor<br>Judge: Hon. Troy L. Nunley |

### UNOPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE

Proposed amici curiae, a group of labor law professors listed in Appendix A to the attached Brief of Amici Curiae, respectfully request leave of this Court to file the Brief of Amici Curiae, attached as **Exhibit A** to this Notice of Motion and Motion. Amici informed all parties of their intention to file this brief by email. No party opposes this this motion.

This motion is based on this notice, the following Memorandum of Points and Authorities, the Brief of Amici Curiae attached as Exhibit A, and all pleadings and papers on file in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.    Interest of amici curiae

Amici are professors who research, write, and teach about labor law and have a longstanding professional interest in the development of the law in this area.  A full list of amici is included as Appendix A to the proposed brief.  Amici have a particular interest in shedding light on the intent of Congress at the time it enacted the National Labor Relations Act ("NLRA") and the historical relationship between federal and state protection of collective action.  Specifically, *amici* write to address why, in the absence of an independent National Labor Relations Board ("NLRB"), the NLRA should not be interpreted to broadly preclude the operation of state laws that permit state agencies to enforce parallel labor laws.

#### II.   Reasons for granting leave to file brief of amici curiae

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982), *overruled in separate part by Sandin v. Conner*, 515 U.S. 472 (1995). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (quotation omitted).  "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999).  "District courts frequently welcome amicus briefs

1  from non-parties concerning legal issues that have potential ramifications beyond the parties directly
2  involved ….'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D.
3  Cal. 2005) (citation and quotation omitted). Although amici may be impartial individuals who merely
4  advise the court without advocating for one outcome or another, "the Ninth Circuit has said 'there is
5  no rule that amici must be totally disinterested.'" *Full Circle of Living & Dying v. Sanchez*, No.
6  220CV01306KJMKJN, 2022 WL 348166, at *1 (E.D. Cal. Feb. 4, 2022) (quoting *Funbus Sys., Inc. v.*
7  *State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986)). Instead, the "'classic role'
8  of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of
9  counsel, and drawing the court's attention to law that escaped consideration.'" *California v. U.S.*
10 *Dep't of the Interior*, 381 F.Supp.3d 1153, 1163–64 (N.D. Cal. 2019) (quoting *Miller-Wohl Co. v.*
11 *Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)).

12     The central question in this case is whether Congress intended the NLRA to preempt state labor
13 law in circumstances where the NLRB is unable to function as Congress designed. Determining
14 congressional intent requires careful attention to the NLRA's text, structure, and legislative history, as
15 well as the Supreme Court's preemption jurisprudence interpreting that intent. Proposed amici are
16 uniquely positioned to provide this Court with scholarly analysis of the purposes and objectives
17 Congress sought to achieve in enacting the NLRA and establishing the NLRB as an independent
18 expert agency, the historical evolution of *Garmon* preemption and its relationship to congressional
19 intent, the tension between uniform federal labor policy and the protection of workers' rights when the
20 federal forum is unavailable, and analogous situations in which courts have found that agency
21 dysfunction affects the scope of federal preemption.

22     While the parties' briefing addresses the doctrinal framework of *Garmon* preemption, amici
23 provide a distinct historical and structural analysis. The proposed amicus brief details how the
24 *Garmon* preemption doctrine is predicated on the existence of the NLRB as a functioning and
25 independent agency. Amici analyze the legislative history of the Wagner Act to demonstrate that the
26 NLRB's independence was central to Congress's plan for enforcement, a premise that amici argue is
27 no longer valid given recent executive actions and judicial rulings. The brief argues that without the
28 structural independence Congress envisioned—specifically the removal protections for Board

members—the justification for broad preemption of state police power collapses. This perspective supplements the arguments of the Defendants and Intervenor by providing a focused analysis on the structural constitutional preconditions for NLRA preemption.  The proposed brief is being submitted more than one week before hearing is set on Plaintiff's motion for a preliminary injunction and, therefore, will not delay resolution of the motion.

### III. Conclusion

For the foregoing reasons, amici respectfully this Court grant their motion for leave to file the attached Brief of Amici Curiae.

DATED:  December 12, 2025            Respectfully submitted,

Scott A. Kronland
Stacey M. Leyton
Emanuel Waddell
ALTSHULER BERZON LLP

By: */s/ Stacey M. Leyton*
　　Stacey M. Leyton

*Attorneys for Amici Curiae Labor Law Professors*