UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

NATIONAL LABOR RELATIONS BOARD,

Plaintiff,

v.

STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,

Defendants,

and

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,

Intervenor.

Case No. 2:25−CV−02979−TLN−CKD

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
[*proposed*]

This matter came before the Court on Plaintiff National Labor Relations Board's Motion for Summary Judgment, heard on November 12, 2026, in Courtroom 2 of the Honorable Troy L. Nunley. Having considered the Motion, the Memorandum of Points and Authorities, the Statement of Undisputed Facts, the supporting declaration(s) and evidence, any opposition and reply, the argument of counsel, and all pleadings and papers on file in this action, and good cause appearing, the Court finds that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law on its claim that Section 2 of California Assembly Bill No. 288 is, in part, preempted by the National Labor Relations Act, 29 U.S.C. § 151 et seq."

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED as set forth below.

1. **Declaratory Judgment.** The Court DECLARES that the following provisions of Section 2 of California Assembly Bill No. 288, which adds Section 923.1 to the California Labor Code, are preempted by the National Labor Relations Act under the Supremacy Clause of

the United States Constitution, and are invalid and unenforceable:

a. California Labor Code § 923.1(b)(1)(B)(i), as to "lack of a quorum of the [NLRB]" and "when the [NLRB] has lost its independence as a result of the Supreme Court finding that [NLRB] members are unconstitutionally protected from removal";

b. California Labor Code § 923.1(b)(1)(B)(ii);

c. California Labor Code § 923.1(b)(1)(B)(iii); and

d. California Labor Code § 923.1(b)(1)(B)(iv).

2. **Provisions Not Preempted.** Consistent with the Court's December 26, 2025 order granting in part and denying in part Plaintiff's motion for preliminary injunction, this Order does not reach, and Defendants may continue to implement, the following provisions of Section 2, as modified below, which do not conflict with and are not preempted by the National Labor Relations Act:

a. California Labor Code § 923.1(b)(1)(A), as to an individual worker's loss of coverage, where the "National Labor Relations Act is repealed [or] narrowed" by Congress to enable state-by-state regulation, or "[the National Labor Relations Act's] enforcement [is] enjoined in a case involving that worker," where the injunction is a final, non-appealable order;

b. California Labor Code § 923.1(b)(1)(B), as to "expressly . . . ceded jurisdiction"; and

c. California Labor Code § 923.1(b)(1)(B)(i), as to "when the continued processing of a case is enjoined by a court due to constitutional challenges to the board's structure or authority," where the injunction is a final, non-appealable order.

3. **Permanent Injunction.** Defendants the State of California and the Public Employment Relations Board, together with their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are PERMANENTLY ENJOINED from implementing or enforcing the provisions of Section 2 of California

Assembly Bill No. 288 identified in Paragraph 1 above;

4. **Costs.** Plaintiff is awarded its costs of suit.

5. **Final Judgment.** There being no remaining claims, the Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:

______________________________

Troy L. Nunley
Chief U.S. District Judge