ROB BONTA, State Bar No. 202668
Attorney General of California
LARA HADDAD, State Bar No. 319630
Supervising Deputy Attorney General
JOSEPH H. MEEKER, State Bar No. 336725
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6502
Fax: (916) 731-2124
E-mail: Joe.Meeker@doj.ca.gov
*Attorneys for Defendant State of California, appearing by and through the Labor and Workforce Development Agency*[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,**<br><br>Defendants,<br><br>**INTERNATIONAL BROTHERHOOD OF TEAMSTERS,**<br><br>Intervenor-Defendant. | 2:25-cv-02979<br><br>**EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF AND REQUEST TO SET BRIEFING SCHEDULE; REQUEST TO MODIFY PAGE LIMITS**<br><br>***Filed concurrently with the Declaration of Joseph Meeker in Support Thereof and [Proposed] Order*** |

[1] The Complaint names only the State of California. The Labor and Workforce Development Agency, through its attorney, appears on behalf of the State.

Pursuant to Local Rule 233 and Section 7 of Judge Troy L. Nunley's Civil Standing Order, Defendant State of California hereby moves ex parte to set a briefing schedule on Plaintiff National Labor Relations Board's (NLRB) motion for summary judgment (Dkt. 39) and the State's anticipated cross-motion for summary judgment. This motion is based on the attached declaration of Joseph Meeker.

As explained more fully in the attached declaration, the parties to this proceeding reached an agreement in principle to set the below briefing schedule on the anticipated cross-motions, which will accommodate the undersigned counsel's previously scheduled leave and enable this Court to consider the summary judgment motion of the NLRB and the anticipated cross-motion for summary judgment of the State together, thereby preserving judicial resources. However, the parties disagree on how to present that administrative request to the Court. In light of that disagreement and the tight timeline here, it is necessary to seek this relief ex parte.

Specifically, without forfeiting any arguments or objections regarding the timing of dispositive motions in this proceeding, the State requests that briefing on the parties' cross motions proceed pursuant to the following schedule:

- Defendants Public Employee Relations Board, Defendant State of California, by and through the California Labor and Workforce Development Agency, and Defendant-Intervenor International Brotherhood of Teamsters (collectively "Defendants") will file any oppositions to NLRB's motion for summary judgment by September 22, 2026. Defendant State of California will file a cross-motion for summary judgment concurrently with its opposition to the NLRB's motion.
- All parties will submit any responses to the State's cross-motion for summary judgment by October 19, 2026.
- NLRB will submit any reply to Defendants' responses to the NLRB's motion for summary judgment by October 19, 2026.
- The State of California will submit any reply to the parties' responses to the State's cross-motion for summary judgment by October 29, 2026.

Good cause exists for the proposed schedule. The proposed schedule will allow the court to consider the parties' cross-motions together, which will conserve judicial resources and ensure that all issues in this matter are able to be considered by the Court. Further, undersigned counsel for the State is the primary attorney assigned to this matter and will be on previously-scheduled leave from September 3, 2026, through September 14, 2026. A modest extension to the response and reply deadlines in this case will accommodate that absence and give all parties additional time to draft briefs for both cross-motions simultaneously.

Further, in the interest of avoiding duplicative filings and conserving the Court's and parties' resources, the State of California seeks to consolidate briefing on the cross-motions to the extent possible. Accordingly, subject to the same reservation of rights and objections described above, the State requests that the Court alter the page limits for the parties' submissions on the cross-motions as follows:

- The State will consolidate its response to NLRB's motion for summary judgment and the State's brief in support of its own cross-motion for summary judgment into one brief not to exceed 30 pages.
- NLRB will consolidate its response to the State's cross-motion for summary judgment and its reply to the parties' responses to NLRB's motion for summary judgment into one brief not to exceed 30 pages.

Although the parties reached an agreement in principle to adopt the above-described briefing schedule and proposed page limits, Defendants and NLRB have reached an impasse regarding the contents of the State of California's proposed stipulation or motion seeking that relief. Briefly, and as detailed further in the undersigned's accompanying declaration, Defendants contend that the motion should include each of the parties' positions on the propriety of the NLRB filing a motion for summary judgment at this stage of the case, or at minimum an express reservation of rights, to make clear that by agreeing to a briefing schedule on the motion, no Defendant forfeits any objections to the timing of the NLRB's motion. The NLRB contends that these inclusions are inappropriate in a motion seeking administrative relief, and it opposes any motion that includes language to that effect. The parties attempted to reach resolution of this issue

by email, but it has become clear that further discussion would not resolve the issue. Even if this dispute could be resolved through further discussion, it is necessary to submit the application as soon as possible. The NLRB has already filed its motion for summary judgment, and the undersigned counsel will go on leave one week from today. Thus, is necessary to file this application ex parte to ensure that the parties timely receive the requested relief. For similar reasons, this request could not be noticed on the court's motion calendar, as any noticed motion may not be resolved until after the existing opposition deadlines have passed.

Defendant Public Employee Relations Board does not oppose this application.

Intervenor International Brotherhood of Teamsters does not oppose this application. However, Intervenor reserves all objections to the timing of the NLRB's motion and wishes to reserve its right to file its own dispositive motion for summary judgment until a time to be determined after the Court rules on Intervenor's forthcoming application under Federal Rule of Civil Procedure 56(d). Intervenor likewise reserves its right to move to increase its page limits.

Plaintiff NLRB provided the following statement regarding its position on this application: "Plaintiff objects to Defendants and Intervenor using the instant administrative motion as a vehicle to recount unrelated disagreements. Plaintiff does not object to the relief sought, as stated in the proposed order." Plaintiff NLRB further stated that it intends to file a response to this application.

//

//

//

//

//

//

//

//

//

//

WHEREFORE Defendant State of California respectfully asks this court to grant its ex parte application and enter the proposed order filed concurrently with this motion.

Dated: August 26, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
LARA HADDAD
Supervising Deputy Attorney General

/s/ Joe Meeker
JOSEPH H. MEEKER
Deputy Attorney General
*Attorneys for Defendants*
*Labor and Workforce Development Agency*

# CERTIFICATE OF SERVICE

Case Name: **National Labor Relations Board v. State of California, Public Employment Relations Board** Case No. **2:25-cv-02979**

I hereby certify that on August 26, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **Ex Parte Application for Administrative Relief and Request to Set Briefing Schedule; Request to Modify Page Limits**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 26, 2026, at Los Angeles, California.

| Linda Zamora | /s/ Linda Zamora |
|---|---|
| Declarant | Signature |

SA2025305615
68684902