JULIE GUTMAN DICKINSON (SBN 148267)– *designated for service*
jgutmandickinson@bushgottlieb.com
JENNIFER A. ABRUZZO *(pro hac vice forthcoming)*
jabruzzo@bushgottlieb.com
HECTOR DE HARO (SBN 300048)
hdeharo@bushgottlieb.com
LUKE TAYLOR (SBN 338327)
ltaylor@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Intervenor International Brotherhood of Teamsters

(additional counsel on next page)



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendant.<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor. | Case No. 2:25-cv-02979-TLN-CKD<br><br>**Intervenor International Brotherhood of Teamsters' Opposed Motion for Administrative Relief Seeking Leave to File Conditional Cross-Motion For Summary Judgment and Seeking Related Relief**<br><br>*Filed concurrently with Declaration of Luke Taylor in Support Thereof and [Proposed] Order*<br><br>Judge: Troy L. Nunley<br>Date: n/a<br>Time: n/a<br>Crtrm.: n/a |

David O'Brien Suetholz
dsuetholz@teamster.org
Clement Tsao
ctsao@teamster.org
Willie J. Burden
wburden@teamster.org
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 624-6847

Edward M. Gleason, Jr.
ed@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
128 C Street NW
Washington, D.C. 20001
Phone: (202) 978-3507

Pamela M. Newport
pamela@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
600 Vine Street | Suite 2720
Cincinnati, OH 45202
Phone: (513) 381-2224

Richard Griffin
rgriffin@bredhoff.com
BREDHOFF & KAISER, PLLC
805 15th Street NW Ste. 1000
Washington, DC 20005
Phone: (202) 842-2600

Jeanne Mirer
jmirer@julienmirer.com
JULIEN MIRER & ASSOCIATES, PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
Phone: (212) 231-2235

Ian Hayes
ihayes@hayesdolce.com
HAYES DOLCE LLP
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Phone: (716) 534-8388

Attorneys for Intervenor International
Brotherhood of Teamsters

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Pursuant to Local Rule 233, Intervenor International Brotherhood of Teamsters ("IBT") moves for leave to file a conditional cross-motion for summary judgment and for related relief set forth further below. Good cause exists for the sought relief. It will ensure the Court considers the parties' cross-motions together, which will conserve judicial resources and ensure that all issues in this matter are able to be considered by the Court. The National Labor Relations Board ("Plaintiff" or "NLRB") has stated it will oppose this motion in its entirety. Neither Defendant State of California ("State") nor Defendant Public Employment Retirement Board ("PERB") opposes.

**Background**

Since the IBT served its discovery requests on Plaintiff, IBT has struggled to reach agreements with Plaintiff on how to proceed in this matter. After IBT issued discovery requests to Plaintiff on January 31, 2026, Dkt 40-1 at Ex. A, Plaintiff advised the parties it intends to file a motion for summary judgment ("MSJ") and a motion for a protective order ("MPO") to forbid discovery in this action, Declaration of Luke Taylor ("Taylor Dec."), Ex. A at 18. IBT responded that in this case's circumstances—i.e., because (1) this Court has not yet addressed whether discovery is warranted, (2) Plaintiff's MPO stays its obligation to respond to discovery, (3) Plaintiff's filing a MSJ would trigger a fourteen-day response timeline for IBT, and (4) a preliminary injunction is already in place—the best course to preserve judicial and party resources was for Plaintiff defer filing its MSJ until the Court had resolved the NLRB's MPO. *Id*. at 14. Plaintiff declined and also refused to agree to use the Magistrate Judge's informal telephone conference procedure to resolve the parties' dispute concerning whether the Court should have opportunity to address whether discovery is warranted in this action before the NLRB files its MSJ. *Id.* at 12-15. Plaintiff also advised that—although it would be filing its MSJ on or before August 26—the only day between August 21 and September 2 that the NLRB would be available should the Magistrate Judge order that informal conference would be September 2. *Id.* at 12.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Trying again to balance the parties' concerns, IBT proposed that the parties cooperate to present their discovery dispute, through a Rule 56(d) application, to Judge Nunley after obtaining a court order that the fourteen-day opposition timeline is stayed pending resolution of that application. *Id*. at 9. This proposed route satisfied the NLRB's desire that Judge Nunley, rather than or not just the Magistrate Judge, address the parties' discovery dispute. *See id*. at 10. Plaintiff refused. *Id*. at 8.

On August 20, the State reiterated its agreement that the Plaintiff's MSJ was premature, and advised of its intent to file a cross-MSJ if the Plaintiff insisted on filing its MSJ. Dkt. 41-1 at 25. In this event, the State requested to set a briefing schedule that accommodated its counsel's leave for his wedding from September 3 until September 14. *Id*. at 25-26. Given this request, IBT asked Plaintiff whether it "will agree to hold off on filing [its] MSJ until the parties have had a chance to meet Monday or Tuesday to engage in a good faith attempt to agree to a reasonable schedule in light of CA/LWDA's request." Taylor Dec., Ex. A at 2. Plaintiff did not agree and said it could only meet "before 9 am PDT Mon – Thurs." *Id*. at 1-2. IBT promptly confirmed that Monday or Tuesday at any point starting 7:30 am PST would work. *Id* at 1. Plaintiff never responded to IBT's request to meet at these times Plaintiff had just said it could meet during.

After Plaintiff circulated a proposed briefing schedule to accommodate State's counsel's leave, IBT responded that "while maintaining our objections to the propriety of the NLRB's filing its MSJ at this stage, we understand the NLRB is proceeding to file, and so we can agree to submit the below briefing schedule to the Court pending the Union's forthcoming Rule 56(d) application," provided that the stipulated order contain language preserving IBT's rights and its position that discovery should be completed before any MSJs. Dkt. 41-1 at 21. IBT also explained that "given its position on discovery, it cannot agree to at this stage file a cross-motion for summary judgment" *Id*. at 21. Plaintiff responded it "will not agree to the proviso language proposed by" IBT and that Plaintiff "will not delay filing pending resolution of a joint stipulation

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

and administrative motions." *Id*. at 20. The State eventually filed its *ex parte* application to set a briefing schedule and modify page limits, Dkt. 41, after the NLRB finally confirmed that it did not oppose the relief there sought yet objected to the application's mentioning the parties' discovery dispute. Dkts. 41 at 4, 41-1 at 9-17. The State's application included a statement from IBT reserving its rights. Dkt. 41 at 2-3. The Court then entered the current briefing schedule. Dkt. 43.

**Requested Relief**

1. IBT will file a conditional cross-MSJ concurrently with its opposition to the NLRB's MSJ. The Court will rule on this cross-MSJ only in the event that it denies IBT's forthcoming Rule 56(d) motion to continue the parties' MSJs. Should the Court grant IBT's Rule 56(d) motion, IBT will file a superseding MSJ after completion of discovery. IBT will file its Rule 56(d) motion pursuant to Rule 233 on or before the date IBT files its opposition and conditional cross-MSJ. Any responses to the Rule 56(d) motion will be filed within five days pursuant to Rule 233(b).

2. IBT will consolidate its Memorandum of Points and Authorities in opposition to the NLRB's MSJ and its Memorandum of Points and Authorities in support of its own cross-MSJ into one brief not to exceed 40 pages.

3. All parties will submit any responses to IBT's cross-MSJ by 10/19/2026. The NLRB will consolidate its response to IBT's cross-MSJ with its response to the State's cross-MSJ and its reply to the parties' responses to the NLRB's MSJ. And IBT will submit any reply to the parties' responses to IBT's cross-MSJ by 10/29/2026.

**Reasons for Requested Relief**

*Rule 56(d) motion.* As IBT has repeatedly informed Plaintiff, the IBT plans to file a Rule 56(d) motion requesting that this Court continue the parties' MSJs until after discovery is completed. Filing that motion on or before the day IBT files its opposition to Plaintiff's MSJ is timely. *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1019 (D. Haw. 2013) (request timely

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

if made before summary judgment hearing). IBT proposes that motion proceed pursuant to Rule 233 for two reasons. First, the motion's resolution may moot or postpone further briefing on the parties' MSJs. Accordingly, quicker resolution than a motion subject to Rule 230's 35-day notice requirement is desirable. Second, because the relief IBT hereby requests in its instant motion contemplates that this Court can evaluate IBT's 56(d) motion in conjunction with and reference to the merits briefing that would be developed in Plaintiff's MSJ and IBT's opposition and conditional cross-MSJ, IBT believes Rule 233's page limits are sufficient for the 56(d) motion.[1]

*Conditional cross-MSJ*. IBT seeks to file a conditional cross-MSJ—rather than defer filing an MSJ of its own—to ensure it does not potentially forfeit its right to file an MSJ in this matter should the Court deny IBT's forthcoming Rule 56(d) motion. Local Rule 230(e) provides that motions or counter-motions relating to the subject matter of an original motion shall be served and filed on the date for filing opposition. And the State will be filing a cross-MSJ with its opposition to the NLRB's MSJ on September 22. Dkt. 43. This raises the risk that, depending on how the Court decides IBT's 56(d) motion and Plaintiff's and the State's cross-MSJs, the IBT may be deprived of opportunity to file its own MSJ and to raise therein the arguments it wishes to present. Furthermore, Section VI of the Initial Pretrial Scheduling Order, Dkt. 3, states "Absent leave of the Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion. Should the parties wish to file additional motions for summary judgment, they must seek leave of the Court." Taking these considerations together, IBT now seeks leave to file a conditional cross-MSJ.

While IBT previously advised the parties it may seek leave to defer filing its MSJ, IBT

[1] If this Court believes the 56(d) motion would "affect dispositive motion filing dates" within Rule 233's meaning, or otherwise believes a Rule 233 motion is improper, IBT will file its Rule 56(d) motion through whichever course this Court deems proper. If Plaintiff requests or receives additional space for its opposition to the 56(d) motion, IBT requests to receive the same additional space for that motion.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

now believes the better course in light of the considerations above is to file a conditional cross-MSJ. Plaintiff has indicated it intends to argue that IBT's statement reserving its rights in the State's *ex parte* application is insufficient because the Court did not address that statement in its order. Plaintiff ignores that (1) it refused to agree to any language, in a court submission to accommodate State counsel's wedding, in which IBT reserved its rights, and (2) nothing requires that a rights reservation in an application's contents be restated in an order. Regardless, this dispute about the rights reservation is beside the point because none of IBT's requested relief is inconsistent with the briefing schedule that the State submitted. Moreover, no party is prejudiced. In light of Plaintiff's insistence on filing its MSJ at this stage, there is good cause for IBT's requested relief, as it streamlines this Court's adjudication of the parties' claims and ensures that all parties have full opportunity to be heard.

*40 pages for consolidated Memorandum of Points and Authorities.* IBT requests 40 pages because this MPA will consolidate IBT's 20-page opposition and 20-page moving brief. *See* Civil Standing Order § 4.B. Should the Court expect fewer pages, IBT requests to at minimum receive the 30 pages for its consolidated MPA that the State received. Dkt. 43. This will ensure the IBT is able to present the factual and legal bases for its contentions at the level of detail that will best assist this Court. It also ensures that Intervenor receives, as is required, the same rights as original parties. *See Cahill v. Insider Inc.*, 131 F.4th 933, 937-38 (9th Cir. 2025).

*Remaining relief.* The remaining requested relief ensures conformity with the briefing schedule entered at Dkt. 43.

//

//

//

DATED: September 8, 2026

JULIE GUTMAN DICKINSON
JENNIFER A. ABRUZZO *(pro hac vice forthcoming)*
HECTOR DE HARO
LUKE TAYLOR
BUSH GOTTLIEB, A Law Corporation

By:

/s/ Luke Taylor
LUKE TAYLOR
Attorneys for Intervenor International Brotherhood of Teamsters

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260