# Exhibit A to Declaration of Luke Taylor

## Luke Taylor

**From:** Luke Taylor
**Sent:** Friday, August 21, 2026 1:34 PM
**To:** 'Wallace, Chad'; Joe Meeker; Lara Haddad; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo; Julie Gutman Dickinson; Hector De Haro
**Cc:** Goldstein, Dawn; Farmer, Tammy; Warwick, William; Gaston, David; Reibstein, Nancy K.
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

Intervenor and LWDA can both meet Monday or Tuesday at any point starting 7:30a PST. Please advise by 2:30 PST today whether you will agree to hold off on filing your MSJ until the parties have had opportunity to engage in a good faith meet and confer during either of those windows.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Friday, August 21, 2026 12:57 PM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke,

We are amenable to negotiating a briefing schedule, but our plan remains that we will file our MSJ on or before 8/26/26. I am drafting a proposed briefing schedule in response to Joe's email and expect to circulate it on Monday for the parties to review.

Given the time difference and leave schedules, we are largely unavailable next week for a meeting, unless the parties would be willing to meet before 9 am PDT Mon - Thurs. Otherwise, we can attempt to work out the briefing schedule over email and/or wait until the following week, beginning on Wednesday 9/2 for a meet and confer.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Friday, August 21, 2026 2:47 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Chad, please advise by 5pm EST today whether you will agree to hold off on filing your MSJ until the parties have had a chance to meet Monday or Tuesday to engage in a good faith attempt to agree to a reasonable schedule in light of CA/LWDA's request. Intervenor can meet Monday anytime at or after 10a PST or, if needed, anytime Tuesday. The sooner the better, and I'm confident the parties can work out a common time. It makes no sense for you to file your MSJ, triggering a fourteen-day response timeframe, **before** meeting with CA/LWDA, at which meeting you intend to see "if agreement can be reached" to present a stipulation/proposed order.

If you agree to the above, we can hold off on contacting the Magistrate Judge in hopes that the parties meeting might obviate the need to request the telephone conference, or at minimum reduce the number of variables in play at such time as we may need to make that request.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Friday, August 21, 2026 9:21 AM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke,

Thank you for your email. Plaintiff's position remains that filing an MSJ followed by an MPO is the most expeditious and judicious use of resources by the parties and the Court. We maintain that a conference with Magistrate Judge Delaney is inappropriate and unwarranted but, as described in our statement, we will of course attend if ordered.

We will be responding separately in substance to Joe's email about the State's intent to file a cross-MSJ and scheduling, but because you mentioned the 14-day timeline under the Local Rules, we wanted to bring it up briefly here. Plaintiff is willing to work with the parties to stipulate to a briefing schedule to accommodate Joe's plans. However, several people on our side who would need to be consulted are out on leave today. If needed, we will file our MSJ as planned and then, if agreement can be reached, file a separate stipulation/proposed order for the briefing schedule.

Thanks.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Friday, August 21, 2026 11:55 AM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Chad, thank you. We appreciate all efforts by the NLRB to try to address Intervenor's concerns. This unfortunately does not even purport to address the concern Intervenor has repeatedly communicated, and as expressed in my email yesterday, that "the NLRB's filing an MSJ will force Intervenor to within fourteen days prepare and file its entire opposition to motion for summary judgment package, when, should the Court agree with Intervenor that discovery is appropriate, Intervenor will need to later replace that with a new package after completion of discovery in this matter. . . the NLRB [even] refuses to agree to ask for a court order that the fourteen-day opposition timeline is stayed pending resolution of the parties' dispute as to whether discovery is appropriate, and, should the Court deem discovery appropriate, pending completion of discovery."

We explained that we would be happy to discuss the mechanics of how to secure this court assurance before the NLRB files its MSJ, and that the process we anticipate the parties would propose to the Court would be that Intervenor would provide a 56(d) application in response to the NLRB's MSJ without the need to prepare its entire opposition to MSJ package. You refused to discuss.

This route would allow you to put your MSJ on file and would allow Judge Nunley to resolve the 56(d) question. If your position on discovery prevails, full MSJ briefing can promptly be completed thereafter. This route is also consistent with your proposal that the MPO seek a stay pending resolution of summary judgment. And it would avoid wasting the resources of Intervenor preparing an entire opposition to MSJ package that will likely be mooted. There is no benefit—much less countervailing benefit—to the NLRB rejecting this proposal.

If, rather than discuss this with the Magistrate Judge at an informal telephone conference, you think it makes more sense for the parties to present to Judge Nunley a brief, jointly stipulated proposed order establishing this process, let us know. Otherwise, we will revise our email to the deputy accordingly and send it today, attaching the Statement from Plaintiff that that you provided.

**Please let us know by 1:30 EST / 10:30 PST.** We intend to email the deputy if we have not heard back by that time. Thank you.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Friday, August 21, 2026 7:28 AM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro

<hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Luke,

We wish to clear up our plans to file an MSJ and Motion for a Protective Order (MPO), which should alleviate the parties' concerns and obviate the need to seek an informal conference with Judge Delaney.

Initially, we informed the parties that, after filing our MSJ, we would be filing an MPO under FRCP 26(c). At that time, we stated the MPO would seek to preclude all discovery. As you noted, filing an MPO would automatically stay discovery under LR 260(g). Upon further research, it appears that EDCA routinely considers FRCP 26(c) protective order motions when a party is seeking only to stay discovery pending resolution of an MSJ. Accordingly, the MPO we will file, following our MSJ filing, will seek only to stay discovery pending resolution of the MSJ. In that posture, the question of discovery may be put to Judge Nunley through whatever means Defendants or Intervenors wish to exercise their rights under Rule 56(d), and Judge Delaney will only need to consider our motion to stay discovery.

This addresses the concern you stated in your draft email to Judge Delaney's courtroom deputy, that because "the NLRB advised that it will file a Motion for Protective Order to preclude all discovery in this action and file a Motion for Summary Judgment ... IBT believes it would waste judicial and party resources, here, for the NLRB to file an MSJ at the same time that it files its MPO" where "the NLRB's filing an MSJ will present the parties' dispute as to whether discovery is appropriate simultaneously to Judge Nunley and Magistrate Judge Delaney."

Accordingly, there is no present need for a conference with Judge Delaney. If you continue to insist on seeking an informal conference with Judge Delaney, our statement to accompany your request to Judge Delaney's courtroom deputy is attached. We are also available 9/3 and 9/4 for a conference.

Thank you.

Best,

Chad

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Thursday, August 20, 2026 9:54 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo

<jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Thanks. PERB and CA/LWDA, please advise by 9:30 am tomorrow if you have meanwhile become available for September 2; if so, I can advise the deputy that all parties would be available that day. Please also let me know by 9:30 am whether you would object to being excluded from the telephone conference if the days that work for both NLRB and IBT don't work for you.

NLRB, when you send us your response, please advise whether September 3 or 4 would also work for you, since those are now within the fourteen day timeframe. I know Joe M. is out those days, so I understand CA/LWDA to be unavailable.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Thursday, August 20, 2026 2:13 PM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke – we will provide a response by that time. Thanks.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Thursday, August 20, 2026 3:47 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Chad, below is Intervenor's anticipated outreach email to chambers. Please provide the NLRB's statement by 8:30am PST / 11:30am EST tomorrow so we can promptly reach out to the deputy.

Ms. Kennison, on behalf of Intervenor International Brotherhood of Teamsters ("IBT"), I reach out to request an order that the parties in *NLRB v. State of California et al.*, 2:25-cv-02979-TLN-CKD, participate in Magistrate Judge Delaney's Informal Telephonic Conference procedure to seek resolution of their dispute concerning whether the Court should have opportunity to address whether discovery is appropriate before full briefing on Plaintiff's Motion for Summary Judgment. As this outreach precedes the 2-page joint letter the parties would present before that conference, I'll be brief in explaining the context. After IBT served discovery requests on Plaintiff NLRB ("NLRB"), the NLRB advised that it will file a Motion for Protective Order to preclude all discovery in this action and file a Motion for Summary Judgment. IBT and the NLRB disagree as to whether discovery is appropriate in this action before the court rules on any MSJ. In a similar action in N.D.N.Y., a Magistrate Judge addressed a similar dispute and compelled discovery. *NLRB v. State of New York* et al, 1:25-cv-01283-GTS-ML. The IBT advised the NLRB that IBT believes it would waste judicial and party resources, here, for the NLRB to file an MSJ at the same time that it files its MPO: under Local Rule 251(g), the MPO stays the NLRB's obligation to respond to the discovery requests; a preliminary injunction is currently in effect in this action; the NLRB's filing an MSJ will present the parties' dispute as to whether discovery is appropriate simultaneously to Judge Nunley and Magistrate Judge Delaney; and the NLRB's filing an MSJ will force Intervenor to within fourteen days prepare and file its entire opposition to motion for summary judgment package, when, should the Court agree with Intervenor that discovery is appropriate, Intervenor will need to later replace that with a new package after completion of discovery in this matter. The IBT has since offered the NLRB various proposals to try to balance the parties' concerns, yet the NLRB has refused to agree to even participate in this informal telephonic conference to address these proposals. For example, the NLRB refuses to agree to ask for a court order that the fourteen-day opposition timeline is stayed pending resolution of the parties' dispute as to whether discovery is appropriate, and, should the Court deem discovery appropriate, pending completion of discovery. While the NLRB claims the parties have a mere dispute about motion sequencing, the questions about sequencing are inseparable from—and in fact are predicated on—the

parties' dispute about whether discovery is appropriate. The IBT requests an informal conference as an efficient way to resolve how to address IBT's concerns about wasting judicial and party resources.

The NLRB has advised that it is not available until September 2 for this conference, although it plans to file its MSJ on or before August 26. IBT is available on September 2, but my understanding is that the State Defendants would not be available that day.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Thursday, August 20, 2026 10:55 AM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke, thank you for your email. We disagree with your characterizations. We are continuing with our previously discussed path of filing the MSJ and placing the matter before the district court judge. Thank you.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Thursday, August 20, 2026 1:37 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>

**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Chad, following up. Our offer made clear that we have attempted to find middle-ground between our concern about judicial and party resources and the NLRB's insistence on filing its MSJ before the Court has opportunity to address whether discovery is appropriate in this matter, and that we would work with you to present this dispute to Judge Nunley, but that we do so by presenting first the threshold discovery dispute that affects the timing and propriety of an MSJ at this time.

As we have explained, it is a waste of resources, under the circumstances of this case laid out in Intervenor's prior email and during meet and confer, to force Intervenor to within fourteen days prepare and file its entire opposition to motion for summary judgment package, when, should the Court agree with Intervenor that discovery is appropriate, Intervenor will need to later replace that with a new package after completion of discovery in this matter.

Intervenor believes another way to balance the parties' concerns could be for the NLRB to file its MSJ and opening brief if, **before** the NLRB files, the parties receive a court order that the fourteen-day opposition timeline is stayed pending resolution of the parties' dispute as to whether discovery is appropriate, and, should the Court deem discovery appropriate, pending completion of discovery. We are happy to discuss with you the mechanics of how to go about this. Based on our meet and confer so far, we are thinking this would probably involve Intervenor providing a 56(d) application in response to the NLRB's MSJ without the need to prepare its entire opposition to MSJ package. We don't believe Local Rule 230 and Local Rule 260 provide that the NLRB and Intervenor can stipulate among themselves to this procedure, so we think we'd need to have either the Magistrate Judge or Judge Nunley approve this procedure before the NLRB files its MSJ.

Concerning your characterization of the Judge's PI order, we note initially that this characterization is irrelevant because a PI order is just a judge's preliminary view of the merits, and your characterization just goes to the parties' dispute as to whether discovery is appropriate. Regardless, the Judge's order reasoned in part that "this Court is unable to say whether a 'finding that [NLRB] members are unconstitutionally protected from removal' equates to a loss of independence." Intervenor disagrees as a matter of law and maintains that, absent removal protections, *Garmon* preemption does not apply as a matter of law. However, especially in light of this reasoning by the Judge, Intervenor is aware that Judge Nunley or a reviewing court may view the matter differently, and so Intervenor seeks to present factual illustration of the Board's loss of independence. In fact, our understanding is that the NLRB still disagrees that it has lost its independence. Furthermore, Intervenor has sought discovery relating to its other theories.

These questions about sequencing are inseparable from—and in fact are predicated on—the parties' dispute about whether discovery is appropriate. We have a discovery dispute here that could be efficiently addressed through the magistrate judge's informal conference procedure. Please let us know in light of this further explanation whether you will agree to that conference and whether you would like to discuss a route in line with my second paragraph above.

If you insist on moving forward with your proposed plan of action, Intervenor will request an order that the parties first engage in the informal conference with the Magistrate Judge. Yes, Intervenor of course would work with the NLRB to include a statement from the NLRB in its communication to the courtroom deputy.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Luke Taylor
**Sent:** Wednesday, August 19, 2026 11:22 PM
**To:** 'Wallace, Chad' <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

Chad, I've been tied up today so I will respond to your email tomorrow. But I do off the bat want to point out that your claims that Intervenor is "manufacturing" a dispute to try to "avoid summary judgment and put the case before the Magistrate Judge rather than Judge Nunley" are incorrect. During yesterday's meet and confer, in an effort to address both side's concerns, Intervenor expressly offered to present its Rule 56(d) application to Judge Nunley, with opportunity for the NLRB to respond, before the NLRB files an MSJ. And as you know, the Magistrate Judge in NDNY found that discovery was appropriate for the NLRB's action raising the same issues that are raised here, and had compelled discovery until the NLRB voluntarily dismissed its action. I'll respond to the rest of your email tomorrow.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Wednesday, August 19, 2026 8:04 AM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke,

Plaintiff's position is that your suggested teleconference with Magistrate Judge Delaney is inappropriate because it is contrary to the Federal Rules, the Local Rules, and Ninth Circuit law, as explained below.

Initially, Intervenor's contention that Plaintiff's forthcoming Motion for Summary Judgment (MSJ) is "premature" has no basis in either the Federal or Local Rules: under FRCP 56(b), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery;" Local Rule 260 does not impose motion sequencing regarding MSJs. In E.D.C.A., the only requirement for Plaintiff is that sufficient notice of the MSJ be given to the parties—i.e., motion must be filed and served no later than 35 days prior to hearing. *See* Local Rule 230(b); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (nonmoving parties to MSJ must be afforded notice of pending motion and opportunity to respond). Second, there is nothing in the Federal or Local Rules that precludes Plaintiff from simultaneously filing an MSJ and Motion for a Protective Order. Third, because Plaintiff has until August 31 to respond to Intervenor's discovery requests, there is no live discovery dispute to present to the Court. Intervenor's desire that "the Court ... have [an] opportunity to address whether discovery is appropriate before the NLRB files its MSJ," is a sequencing argument, not a discovery dispute. Instead, what is premature is Intervenor's request for an informal conference with Judge Delaney, because there is no matter currently pending in front of her to resolve.

Moreover, it appears Intervenor has manufactured a dispute to avoid summary judgment and put the case before the Magistrate Judge rather than Judge Nunley. Indeed, the course of action Intervenor seeks is contrary to Ninth Circuit law. The appropriate course of action here would be for Intervenor or Defendants to request discovery in response to Plaintiff's MSJ, under FRCP 56(d). *See Ladd v. L. & Tech. Press*, 762 F.2d 809, 811 (9th Cir. 1985) ("party opposing summary judgment must have an opportunity to respond to the motion, which includes time for discovery of facts essential to its opposition."). However, it is Intervenor's burden, as the nonmoving party seeking discovery, to demonstrate to the court "what facts it hope[s] to discover which would raise issues of *material fact*." *Id.* (emphasis added); *see also Harris v. Duty Free Shoppers Ltd. P'ship*, 940 F.2d 1272, 1276 (9th Cir. 1991) (discussing Rule 56(f), which was prior version of 56(d)). Because Judge Nunley's likelihood of success analysis in the preliminary injunction order was based solely on questions of law, it is Intervenor's burden as a nonmovant to demonstrate to the Court that discovery will produce facts material to the preemption. Intervenor is attempting to improperly shift the burden to Plaintiff to show why discovery is *not* needed in an apparent attempt for Intervenor to shirk its burden to show in its summary judgment response why discovery *is* needed.

Should Intervenor insist on this course of action, Plaintiff asks that Intervenor include a statement from Plaintiff in any communication to Judge Delaney's courtroom deputy. Plaintiff's statement will explain why an informal conference is unnecessary and recommend that the request be denied.

Due to travel and work schedules, the only day Plaintiff would be available, should Judge Delaney order a conference, is Wednesday, September 2.

Thank you.

Best,

Chad

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Tuesday, August 18, 2026 4:45 PM
**To:** Joe Meeker <Joe.Meeker@doj.ca.gov>; Wallace, Chad <Chad.Wallace@nlrb.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Chad, pursuant to Magistrate Judge Delaney's informal telephone conference procedures, we will be writing her courtroom deputy to request a court order that the parties participate in an informal telephonic conference to resolve the parties' dispute concerning whether the Court should have opportunity to address whether discovery is appropriate before the NLRB files its MSJ. We intend to provide her a brief overview of Intervenor's position set forth in our email below and during today's meet and confer, and advise her of the various options we offered the NLRB today for how to proceed to avoid wasting court and party resources, and explain that the NLRB was unwilling to agree to participate in this informal resolution of this dispute.

Please let us know all times the NLRB would be available for this telephonic conference—in the event the Court orders it—between this Friday the 21st and Wednesday September 2. Pursuant to Magistrate Judge Delaney's procedures, we should provide the times that would work in this initial outreach.

State Defendants' counsel, please advise whether you will join and, if so, please advise as to your availability.

Thank you all,

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**

801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Luke Taylor
**Sent:** Tuesday, August 18, 2026 12:04 PM
**To:** 'Joe Meeker' <Joe.Meeker@doj.ca.gov>; Wallace, Chad <Chad.Wallace@nlrb.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

I think I was inadvertently denied access to the meeting on Teams just now. Will try again.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Joe Meeker <Joe.Meeker@doj.ca.gov>
**Sent:** Tuesday, August 18, 2026 11:38 AM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Wallace, Chad <Chad.Wallace@nlrb.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

Dear Chad –

To preview the State/LWDA's position before our meeting, it is our view that the NLRB's motion for summary judgment is premature. To the extent that this case can be resolved at summary judgment, we believe that the

parties should coordinate a date to file cross-motions for summary judgment. This will give all parties time to prepare briefing and will allow the court to resolve the motions at the same time. Given that the dispositive motions deadline in this case is nearly 11 months away and that AB 288 remains preliminarily enjoined, it would make sense to stipulate to a reasonable summary judgment briefing schedule that will allow all parties to adequately prepare the issues for the court. We are amenable to revisiting this issue after the NLRB and Intervenor resolve the discovery disputes identified in Luke's email.

Thank you and we look forward to speaking with you shortly.

Best,
Joe

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Monday, August 17, 2026 7:27 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Chad, as we can discuss tomorrow, Intervenor believes a protective order and stay on discovery pending resolution of MSJ are both inappropriate, and that under FRCP 56(d) a motion for summary judgment is premature. However, if the NLRB takes the position that discovery is not warranted, the procedurally proper course for the NLRB to take at this stage is to file a motion for protective order and defer filing any MSJ until the MPO's resolution. Under Local Rule 251(g), "[w]hen a party files a motion for a protective order in response to any discovery request, that party's obligation to respond to the discovery request is stayed pending resolution of the motion for a protective order." That stay, combined with the fact that a preliminary injunction is already in place, means there is no prejudice to the NLRB in waiting for resolution of its MPO before determining whether to file an MSJ. Conversely, filing an MSJ before resolution of the MPO will unnecessarily burden the Court and the parties. In addition to opposing the MPO before the Magistrate Judge, Intervenor will need to simultaneously file an *ex parte* Rule 56(d) application with Judge Nunley that sets forth the same reasons as set forth in Intervenor's opposition to MPO for why Intervenor seeks discovery in this matter. This will unnecessarily burden the Court by requiring Judge Nunley to address matters that are simultaneously presented to, and that are appropriately addressed by, the Magistrate Judge. Furthermore, since the fourteen day response timeline for an opposition to MSJ will likely expire before Judge Nunley has opportunity to resolve the 56(d) application, Intervenor will need to meanwhile draft an opposition to MSJ, which will unnecessarily waste its resources and the Court's.

Put simply, the Court has not yet addressed whether it believes discovery is appropriate. If it agrees with Intervenor that discovery is, then the Court will agree with Intervenor's position that the parties should undertake that discovery before Intervenor must respond to the NLRB's opposition to MSJ, and the NLRB will have wasted judicial and party resources by filing its MSJ before resolution of the MPO. If the court agrees with the NLRB that discovery is not, then the NLRB may file its MSJ after resolution of the MPO, and the NLRB will not have been prejudiced in the interim.

Should you for some reason disagree with the above, we propose that the parties present a brief, joint letter to the Court or Magistrate Judge outlining our disagreement as to the propriety of the NLRB filing a MSJ while its MPO is pending. One way this could be accomplished would be through the Magistrate Judge's informal telephonic

conference procedure. That process requires meet and confer, which we can accomplish when we meet tomorrow, and should that meet and confer be unsuccessful, the parties provide a joint letter brief of up to 2 pages outlining their positions before the telephone conference.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Tuesday, August 11, 2026 2:22 PM
**To:** Joe Meeker <Joe.Meeker@doj.ca.gov>; Luke Taylor <ltaylor@bushgottlieb.com>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi all,

Thanks for the update, Joe, and no worries. Sounds like we should push this to next week. Plaintiff is available Monday, 8/17 before 10:30 am PDT, and Tuesday 8/18 between 11:30 am – 1:30 pm PDT.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Joe Meeker <Joe.Meeker@doj.ca.gov>
**Sent:** Tuesday, August 11, 2026 4:16 PM
**To:** Luke Taylor <ltaylor@bushgottlieb.com>; Wallace, Chad <Chad.Wallace@nlrb.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William

<William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Hi all,

Apologies for coming to this late. As Luke noted, I was out-of-office yesterday and we needed some time today to sort out scheduling. Unfortunately, Friday morning won't work for us as I have a hearing that may run past 11:00 a.m. Lara and I would be available to meet Friday after 12 p.m. (all times Pacific), Monday 8/17 before 10:30 a.m. and after 3:30 p.m., and Tuesday 8/18 any time after 11:30 a.m. We're also available tomorrow, 8/12 before 10:00 a.m. and Thursday, 8/13 between 11 a.m. and 1 p.m., but it sounds like we've already determined that there are no slots on those days that will work for all parties.

Thank you,
Joe

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Tuesday, August 11, 2026 11:47 AM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; Joe Meeker <Joe.Meeker@doj.ca.gov>; Lara Haddad <Lara.Haddad@doj.ca.gov>; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thanks Chad, Intervenor will hold that time.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Cell (203) 623-9044 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Tuesday, August 11, 2026 7:40 AM

**To:** Luke Taylor <ltaylor@bushgottlieb.com>; joe.meeker@doj.ca.gov; Lara.Haddad@doj.ca.gov; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Luke – Our team is available at 11:00 am PDT / 2:00 pm EDT on Friday 8/14. I will be on leave that day, but Tammy and Will will attend. Defendants, please also confirm that you are available at that time and we will send a calendar invite.

Thanks, all.

Chad Wallace
Contempt Compliance and Special Litigation Branch
National Labor Relations Board
202-273-2489

---

**From:** Luke Taylor <ltaylor@bushgottlieb.com>
**Sent:** Monday, August 10, 2026 6:02 PM
**To:** Wallace, Chad <Chad.Wallace@nlrb.gov>; joe.meeker@doj.ca.gov; Lara.Haddad@doj.ca.gov; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; jabruzzo <jabruzzo@bushgottlieb.com>; jgd <jgd@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** [EXTERNAL] RE: NLRB v. California, et al – Meet and Confer Request

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Thanks Chad. Some of state Defendants' counsel are out of office until tomorrow, so we'd need to confirm tomorrow that the following times work for them, but presently Intervenor and Defendants would be available to meet and confer Wednesday after 2:15 PST or Friday between 8:30a-11:30a PST. Do any of those windows work for your team? Intervenor is not available at the times you mentioned for tomorrow.

**Luke Taylor**
**Bush Gottlieb, a Law Corporation**
801 North Brand Boulevard, Suite 950 Glendale, CA 91203
Main (818) 973-3200 | Cell (203) 623-9044 | Direct (818) 973-3206
Pronouns: He / Him / His
www.bushgottlieb.com

---

DISCLAIMER: This e-mail message and/or any attachments are intended only for the personal use of the recipient(s) named above. This message and/or any attachments may be an attorney-client communication and as such, is privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy, rely on or distribute this message or any attachments. If you have received this communication in error, please notify us immediately by e-mail and delete the original message. All rights reserved, without limitation or prejudice.

---

**From:** Wallace, Chad <Chad.Wallace@nlrb.gov>
**Sent:** Monday, August 10, 2026 9:08 AM
**To:** joe.meeker@doj.ca.gov; Lara.Haddad@doj.ca.gov; joseph.eckhart@perb.ca.gov; Jessica.Kim@perb.Ca.Gov; Jennifer A. Abruzzo <jabruzzo@bushgottlieb.com>; Julie Gutman Dickinson <JGD@bushgottlieb.com>; Luke Taylor <ltaylor@bushgottlieb.com>; Hector De Haro <hdeharo@bushgottlieb.com>
**Cc:** Goldstein, Dawn <Dawn.Goldstein@nlrb.gov>; Farmer, Tammy <Tammy.Farmer@nlrb.gov>; Warwick, William <William.Warwick@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** NLRB v. California, et al – Meet and Confer Request

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Good morning, counsel:

Plaintiff intends to file a Motion for Summary Judgment. Pursuant to Judge Nunley's standing order 4(A)(a), a meet and confer is required before filing. Furthermore, in light of Intervenor's discovery requests and because this case presents a pure issue of law for which discovery is not appropriate, Plaintiff also seeks to meet and confer before filing a Motion to Stay Discovery pending resolution of the Motion for Summary Judgment, as well as a Motion for a Protective Order to forbid discovery, pursuant to Local Rule 251(b) and Judge Nunley's standing orders 1(A) and 4(A)(a).

Accordingly, we request to meet tomorrow, Tuesday, August 11. We are available anytime before 2:00 PM PDT / 5:00 PM EDT. Please let us know your availability. Thank you.

Regards,

Chad Wallace

Chad Wallace
Trial Attorney
Contempt, Compliance, and Special Litigation Branch
National Labor Relations Board
1015 Half St. SE
Washington, DC 20570
(202) 273-2489

Please be aware that this email may be subject to public disclosure under the Freedom of Information Act or other authorities, though exceptions may apply for certain case-related information, personal privacy, and other matters.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.