DAWN L. GOLDSTEIN (MA Bar No. 600181)
*Associate General Counsel*

WILLIAM R. WARWICK (IN Bar No. 3090379)
*Supervisory Trial Attorney*

TAMMY L. FARMER (NY Bar No. 4022836)
*Attorney Advisor*

NANCY K. REIBSTEIN (MA Bar No. 557713)
*Attorney Advisor*

CHAD A. WALLACE (D.C. Bar No. 1601387)
*Trial Attorney*

**NATIONAL LABOR RELATIONS BOARD**
1015 HALF STREET, SE, 4TH FLOOR
WASHINGTON, DC 20570
TELEPHONE: (202) 273-2489
FAX: (202) 273-4244
Chad.Wallace@nlrb.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendants,<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor. | Case No. 2:25−CV−02979−TLN−CKD<br><br>**PLAINTIFF'S RESPONSE AND OPPOSITION TO INTERVENOR'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO FILE CONDITIONAL CROSS-MOTION FOR SUMMARY JUDGMENT AND SEEKING RELATED RELIEF** |

Plaintiff National Labor Relations Board ("Plaintiff" or "NLRB") respectfully opposes the Motion for Administrative Relief Seeking Leave to File Conditional Cross-Motion for Summary Judgment and Seeking Related Relief ("Mot.") (ECF No. 46) filed by Intervenor International Brotherhood of Teamsters ("Intervenor" or "IBT"). IBT asks this Court, through a Local Rule 233 administrative motion, for three separate forms of relief: (1) leave to file a conditional cross-motion for summary judgment to be decided only if the Court should deny a Federal Rule of Civil Procedure 56(d) motion that IBT has not yet filed; (2) leave to bring that Rule 56(d) motion under Local Rule 233; and (3) a 40-page consolidated brief. The motion should be denied in its entirety. The first two requests for relief are not administrative, nor has IBT shown good cause for any of the requested relief.

**A. An Administrative Motion Under Local Rule 233 is the Wrong Vehicle for IBT's First Two Requests for Relief Because Those Requests are not Administrative**

Local Rule 233 addresses "[m]iscellaneous administrative matters" including: motions to exceed page limits, requests to shorten time, requests to extend a response deadline, requests to alter a briefing schedule, and requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference. E.D. Cal. Civ. L.R. 233. This Court's Civil Standing Order references the same narrow scope. Judge Troy L. Nunley Civil Standing Order ("Standing Order") at Section 7. Further, Local Rule 233 only permits five days and five pages to respond to a motion filed under that Rule. As explained below, Local Rule 233 is not appropriate for IBT's request to file an additional cross-motion for summary judgment nor to serve as a framework for a Rule 56(d) motion.

i. Local Rule 233 is an improper vehicle to seek leave to file an additional dispositive motion

Leave to file an additional cross-motion for summary judgment is not administrative. *See Safeco Ins. Co. of Am. v. Betenbaugh*, No. 2:21-CV-01761-TLN-CKD, 2025 WL 253877, at *2 (E.D. Cal. Jan. 21, 2025) (Local Rule 233 administrative motion not proper vehicle to seek leave

to file second summary judgment motion). IBT specifically notes that Section VI of the Initial Pretrial Scheduling Order ("Pretrial Order") (ECF No. 3) requires it to seek leave of the Court to file its conditional cross motion. Mot. at 6; Pretrial Order at 4. Critically, the Pretrial Order directs parties "contemplat[ing] bringing a motion for summary judgment … to review Local Rule 260." Pretrial Order at 4 n.3. Accordingly, the Pretrial Order indicates that seeking leave to file a dispositive motion should not be considered an administrative event.

ii. IBT's forthcoming Rule 56(d) motion does not fall into any category contemplated by Local Rule 233

IBT also seeks to bypass the Local Rules and the Court's Standing Order by reclassifying a Rule 56(d) motion as mere administrative housekeeping. The relief IBT seeks bears directly on dispositive-motion practice and the question of discovery—categories that Local Rule 233 does not include. The resolution of a Rule 56(d) motion will have significant consequences for the direction of the underlying case, which cannot be adequately litigated with only a five-day and five-page response framework. Thus, relief of that character should be sought by a noticed motion under Local Rule 230 and Section 4 of the Standing Order. *See Beard v. Cnty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2022 WL 12073987, at *5 (E.D. Cal. Oct. 20, 2022) (party's attempted Local Rule 233 motion was not "miscellaneous" because it contained "discovery and sanctions motions to which specific Local Rules and Federal Rules of Civil Procedure apply").

**B. IBT Has Failed to Demonstrate Good Cause for Any of the Relief Sought**

The Pretrial Order entered on October 15, 2025, "[p]ursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure," establishes that IBT must seek leave of the Court before filing a separate or additional motion for summary judgment beyond what the parties agreed to and what was included in the Court's August 27, 2026 Order ("August 27 Order") (ECF No. 43). Pretrial Order at 1, 4–5. *See Californians for Alternatives to Toxics v. U.S. Fish & Wildlife Serv.*, No. 2:10–cv–1477-FCD-CMK, 2011 WL 838957, at *4 (E.D. Cal. Mar. 3, 2011) ("Orders

entered before the final pretrial conference may be modified only "upon a showing of good cause.") (internal quotations omitted). The relief IBT seeks should not be granted, for the reasons stated below.

i. IBT cannot demonstrate good cause because it was not diligent

A request to modify a scheduling order is governed by Rule 16(b)'s good-cause standard. *Gonzales v. BNSF Ry. Co.*, No. 1:18-cv-01744-DAD-BAM, 2019 WL 3714708, at *1 (E.D. Cal. Aug. 7, 2019). And because this standard primarily considers the diligence of the party seeking the amendment, failure to demonstrate such diligence ends the inquiry and dooms the motion. *See id.* at *1 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

IBT has not been diligent. It was a full participant in the parties' negotiations that produced the August 27 Order, which set the briefing schedule, brief consolidation, and page limits for Plaintiff's Motion for Summary Judgment and Defendant, the State of California's ("the State") planned Cross-Motion for Summary Judgment. Before that Order issued, IBT represented to the Court that it would seek to file its own summary judgment motion at "a time to be determined after the Court rules on Intervenor's forthcoming application under [Rule 56(d)]." Ex Parte Application for Administrative Relief and Request to Set Briefing Schedule; Request To Modify Page Limits ("Ex Parte Motion") (ECF No. 41) at 3. IBT's instant motion, filed approximately two weeks after making the previous representation in the Ex Parte Motion, now seeks to modify the Order IBT helped craft. That is not diligence, that is a waste of the parties' and Court's resources.

ii. IBT's rationales do not withstand scrutiny.

IBT's stated justifications—conserving judicial resources, allowing the Court to consider the motions together, and avoiding forfeiture—are already served by the August 27 Order now in place. The Order established a consolidated track for parties' motions and cross-motions. IBT

may present its merits position in its September 22 opposition to Plaintiff's summary judgment motion. Nothing is conserved or streamlined by layering a third "conditional" cross-motion, and its Rule 56(d) contingency, on top of the structure established by the parties with IBT's full participation. A cross-motion whose viability turns on the outcome of a motion not yet filed introduces contingent if/then branches that complicate the briefing rather than streamline it.

**C. There Is No Basis to Expand IBT's Page Limits**

Even if the Court were to grant IBT's request to file a conditional cross motion, IBT fails to demonstrate good cause for a significantly increased page limit. The Court will only grant an application for additional pages "for good cause shown." Standing Order at Section B. Despite participating in the negotiations for a briefing schedule and page limits, IBT seeks 10 additional pages beyond what the State was granted for the same categories of filings: a consolidated cross-motion for summary judgment and response to Plaintiff's motion for summary judgment. IBT has provided no justification beyond stating that it seeks to file an "opposition" and "moving brief." Mot. at 7. IBT's page increase request should be denied.

**D. Conclusion**

IBT seeks dispositive-motion relief through an administrative-motion vehicle that the Local Rules and this Court's Standing Order reserve for administrative matters, and does so only approximately two weeks after helping to negotiate the very schedule it now asks the Court to reopen. Granting the motion would disrupt the briefing schedule entered on August 27, 2026, add an additional cross-motion for summary judgment, and require the parties to litigate the proposed Rule 56(d) motion outside the noticed-motion process that Local Rule 230 and Section 4 of the Standing Order require. For the foregoing reasons, the NLRB respectfully requests that the Court deny IBT's Motion for Administrative Relief in its entirety.

Respectfully submitted,

DAWN L. GOLDSTEIN
Associate General Counsel

WILLIAM R. WARWICK
Supervisory Trial Attorney

TAMMY L. FARMER
Attorney Advisor

NANCY K. REIBSTEIN
Attorney Advisor

/s/ Chad A. Wallace
CHAD A. WALLACE
*Trial Attorney*
Chad.Wallace@nlrb.gov
(202) 273-2489
Contempt, Compliance, and
Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570

Dated this 14 day of September, 2026
in Washington, D.C.