JULIE GUTMAN DICKINSON (SBN 148267)– *designated for service*
jgutmandickinson@bushgottlieb.com
JENNIFER A. ABRUZZO *(pro hac vice forthcoming)*
jabruzzo@bushgottlieb.com
HECTOR DE HARO (SBN 300048)
hdeharo@bushgottlieb.com
LUKE TAYLOR (SBN 338327)
ltaylor@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Intervenor International
Brotherhood of Teamsters

(additional counsel on next page)

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendant.<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor. | Case No. 2:25-cv-02979-TLN-CKD<br><br>**Intervenor International Brotherhood of Teamsters' Motion for Administrative Relief Pursuant to Rule 56(d)**<br><br>*Filed concurrently with [Proposed] Order*<br><br>*Supporting Declaration of Luke Taylor and Exhibits Thereto have been filed as Dkt. Nos. 53-3 through 53-8*<br><br>Judge: Troy L. Nunley<br>Date: n/a<br>Time: n/a<br>Crtrm.: n/a |

David O'Brien Suetholz
dsuetholz@teamster.org
Clement Tsao
ctsao@teamster.org
Willie J. Burden
wburden@teamster.org
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 624-6847

Edward M. Gleason, Jr.
ed@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
128 C Street NW
Washington, D.C. 20001
Phone: (202) 978-3507

Pamela M. Newport
pamela@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC
600 Vine Street | Suite 2720
Cincinnati, OH 45202
Phone: (513) 381-2224

Richard Griffin
rgriffin@bredhoff.com
BREDHOFF & KAISER, PLLC
805 15th Street NW Ste. 1000
Washington, DC 20005
Phone: (202) 842-2600

Jeanne Mirer
jmirer@julienmirer.com
JULIEN MIRER & ASSOCIATES, PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
Phone: (212) 231-2235

Ian Hayes
ihayes@hayesdolce.com
HAYES DOLCE LLP
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Phone: (716) 534-8388

Attorneys for Intervenor International
Brotherhood of Teamsters

Pursuant to Fed. R. Civ. P. 56(d), Local Rule 233, and this Court's order at Dkt. 51, Intervenor ("IBT") moves this Court to stay proceedings on the parties' motions for summary judgment pending completion of discovery. Plaintiff opposes. Neither Defendant State of California ("State") nor Defendant Public Employment Retirement Board ("PERB") opposes.

IBT must "show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Adoma v. Univ. of Phoenix, Inc.*, 779 F. Supp. 2d 1126, 1131 (E.D. Cal. 2011). Prong 2 just requires showing "there is some basis to believe that the information sought exists." *Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL 11235897, at *1 (D. Haw. Apr. 8, 2019); *see also Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). IBT must also show it "diligently pursued discovery." *Strojnik*, 2019 WL at *1.

**I. Discovery Concerning NLRB's lost independence.**

Facts sought and basis to believe this information exists

**RFDs 1-2** request inter-agency and intra-NLRB documents and communications that would help demonstrate White House directives to and influence on the NLRB, whether the directives and influence are applied directly from the White House or instead indirectly through certain intermediary agencies that are listed in RFDs 1-2. *See* Declaration of Luke Taylor, Dkt. 53-3 ("Taylor Dec.") at ¶¶14-15. The communications and documents would enable the IBT to illustrate all the ways that the President sways the NLRB's prosecution, adjudication, rulemaking, and functioning. They would also enable the IBT to show how the threat of Board member and Administrative Law Judge removal and discipline now sways the Board's and ALJs' actions—whether via direct threats or through those actors' knowledge of their unprecedented vulnerability.

Specifically, RFD 2(a)-(b) would reveal how persons within the NLRB perceive the threat of Board Member and ALJ removal and discipline by the White House and its intermediaries.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

RFD 2(c) would show how the White House and its intermediaries are using Schedule C appointees to drive the President's agenda within the NLRB, as explained further below. RFDs 1 and 2(d) would evidence directives and influence by the White House and its intermediaries as to subject matters (a)-(n) that fall into four categories: Presidential influence on (1) individual NLRB cases or categories of cases (a-b, f-i, and l-m); (2) the NLRB's response to employers' constitutional challenges to the NLRB's structure and enforcement mechanisms (c-e, n) (such as pressure for the NLRB to not defend against those challenges); (3) Board Members' and ALJ's decision-making *directly* through the threat of removal (e); and (4) staffing decisions (j-k). And there is reason to think that each of the listed intermediary agencies are indeed mediating the White House's influence as to the RFDs' subject matters:

- *OMB*. Exec. Order 14215 (Feb. 18, 2025)[1] §6(a) instructs that the Board's chairman now must "regularly consult with and coordinate policies and priorities with the directors of OMB". The Board must now clear rulemaking with the OMB. *See* Taylor Dec. ¶19(a)[2]. And the OMB claims it helps the President implement "his vision across the Executive Branch".[3]

- ***OPM*.** The OPM apparently now trains Senior Executive Service members in the NLRB to "deliver" on "administration priorities". *See* Taylor Dec. ¶19(c-d). And the NLRB's Schedule C appointees, *see id*. ¶24, who "drive" the President's "agenda" within the NLRB, *see id*. ¶19(b), must be approved by the OPM's White House Liaison, *see id*.

- *DOL*. The DOL's Acting Secretary Keith Sonderling apparently is this administration's "pivot point" for labor policy, with influence "well beyond DOL," and has helped select candidates for NLRB positions. *See* Taylor Dec. ¶ 19(e).

- *DOJ*. The President has now instructed that "the Attorney General, subject to the

[1] Available at https://www.govinfo.gov/content/pkg/FR-2025-02-24/pdf/2025-03063.pdf
[2] Citations to Taylor Dec. paragraphs incorporate exhibit pin-cites cited in those paragraphs.
[3] https://www.whitehouse.gov/omb/



BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

President's supervision and control, shall provide authoritative interpretations of law" for "so called" independent agencies including the NLRB and that these agencies' employees may not advance contrary interpretations. Exec. Order 14215 §§1, 2(b), 5, 7.

**ROGs 4, 6, and 9** request information about communications between the NLRB and the DOL concerning the NLRB's prosecution, adjudication, rulemaking, and policies. *See* Taylor Dec. ¶ 23. These likely exist given the DOL's likely status as an intermediary explained above.

**ROGs 3, 5, & 8** request the same, but between the NLRB and Executive Office of the President. *See id.* ¶ 22. These likely exist because Exec. Order 14215 §6 establishes multiple channels of "consultation" between the Board's chairman and the "Executive Office of the President", such as regular coordination with the OMB and White House Domestic Policy Council. *See also* Taylor Dec. Ex. A (memorandum from EOP).

**ROGS 1, 7 & 10.** ROG 1 requests identification of Schedule C appointees since January 1, 2025. *See id.* ¶ 21. ROG 7 requests information about NLRB's Schedule C appointees' communications with persons within the NLRB concerning NLRB cases. *See id.* ¶¶24-25. ROG 10 requests identification of persons outside the NLRB who encouraged the Schedule C appointees' placement within the NLRB. *See id.* ¶26. The information sought in these ROGs exists because the OPM notes it is important for agencies to have Schedule C employees, who must be vetted by the White House, to "drive" the President's agenda, *see id.* ¶19(b), and the NLRB has identified two Schedule C employees, *see id.* ¶24.

**ROG 2 and RFA 3** seek admission that the NLRB has appointed a White House liaison and identification of that/those liaison(s). *See* Taylor Dec. ¶¶20-21. This likely exists because EO 14215 §6(b) requires the NLRB to establish "a position of White House Liaison."[4]

---

[4] Although IBTs' ROGs and RFAs provided a specific definition of White House, *see* Taylor Dec. fn. 4, IBT intends "White House liaison" in ROG 2 and RFA 3 to refer to the position referred to in EO 14215.



BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

<u>These facts are essential to resisting summary judgment</u>.

IBT's brief opposing Plaintiff's motion for summary judgment and supporting IBT's conditional cross-motion for summary judgment, Dkt. 53-1 ("MSJ Br.") argues that *San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236 (1959) ("*Garmon*") does not control when the NLRB has lost its independence. MSJ Br. at 10-14, 17-26 (ECF pagination).[5] IBT argues Board members' removal protections are gone and the NLRB has thus lost independence as a matter of law. *Id.* at 10-12, 22-23. IBT thus contends this Court can, as a matter of law, deny Plaintiff's MSJ, and grant IBT's conditional cross-MSJ.

But this Court earlier reasoned in part that it cannot conclude lost removal protections constitute lost independence. *See* Taylor Dec. ¶6. So, while IBT's MSJ Br. provides counterargument, *id.*, IBT is aware that its position might be rejected. IBT accordingly seeks discovery to factually illustrate—in the ways explained above—that the NLRB is no longer an independent agency. Courts may grant discovery to develop an argument that is alternative to a primary, legal argument. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 771-72, 774 (9th Cir. 2003).

**II. NLRB statistics and case details.**

**RFD No. 3 and ROGs Nos. 12-13** request certain statistics for the California regions and information concerning the details and timing of how certain California cases have progressed. *See* Taylor Dec. ¶¶28-29. Plaintiff should not dispute that these facts exist. *See* Dkt. 39-1 at 3-5. The extent to which Plaintiff maintains or can access responsive documents and information for each of these requests is a separate question that could be addressed in meet and confer.

These facts are essential to resisting summary judgment. IBT argues the NLRB's decades-

---

[5] The MSJ Br. also argues against this Court's earlier conclusion that Congress's goal for uniformity outweighs independence. MSJ Br. at 24-25.

long atrophy supports concluding *Garmon* does not control. MSJ Br. at 29-30. These will help the IBT illustrate and establish the NLRB's present delays and insufficient enforcement capacity.[6]

**III. IBT has been diligent in seeking discovery.**

IBT issued its discovery requests on July 31, *see* Taylor Dec. ¶3. This was before Plaintiff advised of its intent to file its MSJ. *See* Dkt. 46-2 at 19. And it was more than 5 months before fact discovery's close. *See* Taylor Dec. ¶4.

Plus, IBT's counsel extensively participated in nearly identical and substantially overlapping discovery disputes with the NLRB in *NLRB v. New York et al.*, 25-cv-01283-GTS-ML (N.D.N.Y.) on behalf of an IBT-affiliated union. *See* Taylor Dec. ¶¶7-12. Once that case was dismissed, IBT issued its discovery demands in this action. *See id.* ¶13. Discovery can pick up where that case left off, benefitting from negotiations the parties had there over matters such as document custodians. IBT's RFD 1 is nearly identical to the combination of the New York Defendants' RFDs 3 and 6, and IBT's RFD 2 is nearly identical to the combination of the New York Defendants' RFDs 4 and 7. *Compare* Dkt. 40-1 at 15-19 *with* 25-cv-01283 (N.D.N.Y.), Dkt. Nos. 59-1 at 5; 59-4 at 4-5; 62 at 5 & n.10; and 87-3 at 4. While IBT's RFD 1 seeks certain intermediaries for which the NLRB did not produce documents in N.D.N.Y, the NLRB could immediately reproduce what it did there produce pending confer on those new intermediaries and pending update of its production. The NLRB can also reproduce the privilege log it there designated confidential, *see* Taylor Dec. at ¶ 16, which designation bars IBT's use of that log in this action under the N.D.N.Y. protective order, 25-cv-01283-GTS-ML (N.D.N.Y.), Dkt. 75 at 3-4 (¶9). And the NLRB can quickly produce what it was poised to produce when the N.D.N.Y. case was dismissed. *See* Taylor Dec. at ¶ 17.

---

[6] The NLRB's public dockets generally advise that they do not capture all actions in a case. *E.g.* https://www.nlrb.gov/case/32-RC-395487

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

DATED: September 22, 2026

JULIE GUTMAN DICKINSON
JENNIFER A. ABRUZZO *(pro hac vice forthcoming)*
HECTOR DE HARO
LUKE TAYLOR
BUSH GOTTLIEB, A Law Corporation

By:

/s/ Luke Taylor
LUKE TAYLOR
Attorneys for Intervenor International Brotherhood of Teamsters

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260