DAWN L. GOLDSTEIN (MA Bar No. 600181)
*Associate General Counsel*

WILLIAM R. WARWICK (IN Bar No. 3090379)
*Supervisory Attorney*

TAMMY L. FARMER (NY Bar No. 4022836)
*Attorney Advisor*

NANCY K. REIBSTEIN (MA Bar No. 557713)
*Attorney Advisor*

CHAD A. WALLACE (D.C. Bar No. 1601387)
*Trial Attorney*

NATIONAL LABOR RELATIONS BOARD
1015 HALF STREET, SE, 4TH FLOOR
WASHINGTON, DC 20570
TELEPHONE: (202) 273-2489
FAX: (202) 273-4244
Chad.Wallace@nlrb.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA and the PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendants,<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Intervenor. | Case No. 2:25−CV−02979−TLN−CKD<br><br>**PLAINTIFF NATIONAL LABOR RELATIONS BOARD'S OPPOSITION TO INTERVENOR'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FED. R. CIV. P. 56(d)** |

Plaintiff National Labor Relations Board ("Plaintiff" or "NLRB") respectfully opposes Intervenor International Brotherhood of Teamsters' ("Intervenor" or "IBT") Rule 56(d) Motion, which seeks to postpone adjudication of the NLRB's Summary Judgment Motion in order to permit discovery. *See* Fed. R. Civ. P. 56(d). Because this case presents a pure question of law—whether the challenged California statute[1] is facially preempted by the National Labor Relations Act ("NLRA")—IBT can discover no facts that would aid it in opposing summary judgment. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248–50 (1986) (facts that cannot "affect the outcome of the suit under the governing law" are irrelevant to Rule 56 motions). In addition, IBT's delay of nearly seven months in seeking discovery demonstrates a lack of diligence. For these reasons, IBT's motion should be denied.

## BACKGROUND

AB 288 purports to authorize the California Public Employment Relations Board to assert jurisdiction over labor matters Congress entrusted exclusively to the NLRB. The NLRB's Complaint (ECF No. 1), filed on October 15, 2025, alleges that AB 288 is facially preempted under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) ("*Garmon*") and obstacle preemption. IBT moved to intervene on October 30, 2025 (ECF No. 4) and was granted intervenor status on November 12, 2025 (ECF No. 6). The court granted the NLRB's preliminary injunction motion in substantial part on December 26, 2026 (ECF No. 30). IBT filed an Answer on January 9, 2026 (ECF No. 33). On July 31, 2026, IBT propounded discovery requests to the NLRB (ECF No. 40-1 at ExA-1–26). On August 26, 2026, Plaintiff moved for summary

[1] California Assembly Bill No. 288, 2025 Cal. Legis. Serv. Ch. 139 (A.B. 288) (WEST) ("AB 288").

judgment (ECF No. 39). On September 22, 2026, IBT filed the instant motion for administrative relief pursuant to Rule 56(d) ("Motion") (ECF No. 54).[2]

**ARGUMENT**

**A. Whether AB 288 is Preempted by the NLRA is a Pure Question of Law for Which Discovery is Not Necessary**

Rule 56(d) relief is available only where additional facts "might affect the outcome under the governing law." *Anderson*, 477 U.S. at 248. Facial preemption of a state law, however, is resolved through statutory interpretation and binding precedent, not through factual development. The Ninth Circuit has emphasized that federal preemption is "predominantly a legal question, resolution of which would not be aided greatly by development of a more complete factual record." *Atay v. County of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (quoting *Hotel & Rest. Emps. Int'l Union v. Nev. Gaming Comm'n*, 984 F.2d 1507, 1513 (9th Cir. 1993)).

Consistent with that principle, the Ninth Circuit held in *Atay*—a facial preemption case—that discovery pursuant to a Rule 56(d) motion may be denied when the dispositive question is purely legal. *Atay*, 842 F.3d at 699–700 ("district court did not err … in denying the proponents' request for Rule 56(d) discovery"). Likewise, where summary judgment turns on whether a claim fails "as a matter of law," a 56(d) movant is "not entitled to discovery." *Employers Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004).

Here, the NLRB's summary judgment motion asserts that AB 288 is preempted by the NLRA. Accordingly, whether AB 288 is preempted under *Garmon* or obstacle-preemption principles is a legal determination based solely on the statute's text and Supreme Court precedent. Substantive governing law determines what facts are material and appropriate for discovery or if

[2] IBT did not file an affidavit or declaration with its Rule 56(d) motion and instead cross-references to the declaration it filled with its response and conditional cross motion for summary judgment. *See*, *e.g.*, Mot. at 3, ECF No. 54 (citing to Taylor Declaration at ECF No. 53-3).

discovery is even warranted. *See Anderson*, 477 U.S. at 248. Here, nothing in the text of the NLRA or in governing Supreme Court precedent licenses IBT to seek discovery because no factual record could alter the controlling legal analysis. In this posture, analysis of IBT's motion and declaration under the three-part Rule 56(d) test is not necessary. *See, e.g., Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827–28 (9th Cir. 2006) (56(d) movant must show: (1) the specific facts it hopes to elicit; (2) a non-speculative basis that those facts exist; and (3) the facts are "essential" to oppose summary judgment). Because this case involves a pure issue of law, any analysis under the proffered tests is not necessary.

IBT's reliance on *Burlington Northern* is misplaced. Mot. at 6. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767 (9th Cir. 2003). *Burlington* does not expand Rule 56(d)[3] in preemption cases; rather, it reaffirms that discovery is proper only where factual development could affect the legal outcome. *See id.* at 774–5 (discovery appropriate to determine application of recognized exception). *Burlington* actually undermines IBT's position and supports the NLRB's position. The inquiry the *Burlington* court allowed was inherently factual, and—if proven—could independently defeat summary judgment. But at the same time, the Ninth Circuit emphasized that discovery is futile and should be denied where there is no "demonstrable nexus" to a recognized legal doctrine. *See id.* at 774. Unlike the tribes in *Burlington*, IBT has no factual pathway to victory. Its discovery request seeks information that cannot, as a matter of law, create a triable issue in a facial preemption case. *Burlington* thus confirms that Rule 56(d) relief is unavailable where, as here, the dispositive question is purely legal and discovery would be futile.

---

[3] *Burlington* involved a Rule 56(f) motion, which was the precursor to Rule 56(d). No substantive changes were made to the Rule. Fed. R. Civ. Pro. 56(d) (2010 amendment). *See Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 n.1 (9th Cir. 2014).

**B. IBT Failed to Diligently Pursue Discovery**

A party "is not entitled to []discovery under [Rule 56(d)] if it fails diligently to pursue discovery before summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (failure to seek discovery despite "ample opportunity" does not evince diligence). IBT did not diligently pursue discovery in this case: it filed its answer on January 9, 2026 (thereby triggering the 365-day discovery period (ECF No. 3 at 2)), but then chose to sit idly by for nearly seven months, waiting until July 31, 2026, to propound discovery requests. *See In re Cardtronics ATM Fee Notice Litig.*, 874 F. Supp. 2d 916, 927 (S.D. Cal. 2012) (waiting seven months to pursue discovery was not diligence (citing *Brae*, 790 F.2d at 1443)), *aff'd*, 559 F. App'x 633 (9th Cir. 2014). Diligence is measured by what IBT did with the time it had, and it chose to waste over 200 days of the 365-day allotted discovery period. Thus, IBT's delayed requests for discovery are an additional ground to deny its Rule 56(d) motion.

(continued on next page)

**CONCLUSION**

For the foregoing reasons, the NLRB respectfully requests that the Court deny IBT's Motion for Administrative Relief Pursuant to Rule 56(d) because: (1) a facial preemption challenge is a pure question of law for which discovery is not warranted; and, (2) IBT's failure to diligently pursue discovery creates an independent basis to deny its motion.

Respectfully submitted,

DAWN L. GOLDSTEIN
Associate General Counsel

WILLIAM R. WARWICK
Supervisory Attorney

TAMMY L. FARMER
Attorney Advisor

NANCY K. REIBSTEIN
Attorney Advisor

/s/ Chad A. Wallace
CHAD A. WALLACE
*Trial Attorney*
Chad.Wallace@nlrb.gov
(202) 273-2489
Contempt, Compliance, and
Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570

Dated this 28th day of September, 2026
in Washington, D.C.