UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants,<br>and<br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br>Intervenor. | No. 2:25–cv–02979–TLN–CKD<br>ORDER<br>(ECF No. 40) |

Pending before the Court is plaintiff National Labor Relations Board's ("NLRB") motion for protective order to stay discovery pending resolution of plaintiff's motion for summary judgment. (ECF No. 40.) The parties filed a joint statement on September 30, 2026. (ECF No. 57.) A hearing was held on October 14, 2026, with attorneys Chad Wallace, Tammy Farmer, and Nancy Reibstein appearing for plaintiff and attorney Luke Taylor appearing for intervenor. For the foregoing reasons, plaintiff's motion is GRANTED.

/ / /

/ / /

**BACKGROUND**

On October 15, 2025, plaintiff NLRB filed a facial preemption challenge against Defendants State of California and the Public Employment Relations Board ("PERB") regarding California Assembly Bill AB 288 ("AB 288") for being preempted by the National Labor Relations Act ("NLRA"). (ECF No. 1.) AB 288 granted PERB authority to regulate private sector labor relations that would otherwise fall within the authority of the NLRB if certain conditions are met, including when the NLRB has "expressly or impliedly ceded jurisdiction." (ECF No. 1 ¶¶ 23, 25.) Some of the circumstances in which the NLRB would "expressly or impliedly" cede jurisdiction include challenges or objection to an election pending before the NLRB; if the NLRB were to lack a quorum; if the NLRB loses its independence premised on a finding that its members are unconstitutionally protected from removal; and processing delays. (ECF No. 1 ¶ 25(a)-(c)). On October 30, 2025, the International Brotherhood of Teamsters filed an unopposed motion to intervene which was granted on November 12, 2025. (ECF Nos. 4, 6.) On November 19, 2025, plaintiff filed a motion for a preliminary injunction, which was granted in part on December 26, 2025. (ECF Nos. 10, 30.) The district court found that AB 288's provisions regarding an implied cessation of jurisdiction due to a loss of quorum, processing delays, and a loss of independence do not avoid conflict. (ECF No. 30 at 12-15.) Accordingly, the district court found that plaintiff was likely to cede on its preemption claims regarding the implied cessation provisions. Id. at 16.

The parties allege that intervenor issued discovery to plaintiff on July 31, 2026. (ECF No. 57 at 2.) On August 26, 2026, plaintiff filed a motion for summary judgment and a motion for protective order to stay discovery. (ECF Nos. 39, 40.) On August 28, 2026, the district court set a briefing schedule allowing for cross-motions for summary judgment. (ECF No. 43.) On September 21, 2026 the district court granted an unopposed motion by intervenor to file a cross motion for summary judgment. (ECF No. 51.) On September 22, 2026, defendant State of California and intervenor filed cross-motions for summary judgment as well as oppositions to plaintiff's motion for summary judgment. (ECF Nos. 52, 53.) Also on September 22, 2026, intervenor filed a motion to stay proceedings on the parties' motions for summary judgment

pending the completion of discovery before the district court. (ECF No. 54.) On September 30, 2026, the parties filed their joint statement regarding the pending motion. (ECF No. 57.) A hearing was held on October 14, 2026. (ECF No. 59.) Attorneys Chad Wallace, Tammy Farmer, and Nancy Reibstein appearing for plaintiff and attorney Luke Taylor appeared for intervenor. Thereafter, the motion was taken under submission pursuant to Local Rule 230.

**LEGAL STANDARDS**

"District courts may exercise 'wide discretion in controlling discovery.'" Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) (quoting Little v. City of Seattle, 863 F. 2d 681, 685 (9th Cir. 1988)). Good cause is required for a party to obtain a protective order. See Seven Springs Ltd. Partnership v. Fox Capital Management Corp. 2007 WL 1146607, at *1 (E.D. Cal. Apr. 19, 2007). When deciding to grant a protective order to stay discovery before a pending motion may be heard, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Id. (citing Panola Land Buyer's Ass'n v. Shuman, 762 F. 2d 1150, 1160 (11th Cir. 1985)). "Second, the Court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Mlejnecky, 2011 WL 489743, at *6. If either prong of the test is not met, then discovery should proceed. Id.

**DISCUSSION**

As a preliminary matter, neither plaintiff nor intervenor contests that plaintiff's Motion for Summary Judgment is potentially dispositive of the entire case. (ECF No. 57 at 1-2, 9.) Therefore, the Court finds that the first prong is satisfied.

Next, the Court evaluates whether the Motion for Summary Judgment can be decided absent additional discovery. "It must be emphasized that the undersigned does not sit as the adjudicator on the merits of [plaintiff's] dispositive motion." Seven Springs, 2007 WL 1146607, at *2 (emphasis omitted). However, the undersigned must "peek" at the Motion for Summary Judgment to evaluate the merits. Id. While courts have not concluded whether the proper standard is a "clear and convincing showing" or "immediate and clear possibility" that a potentially dispositive motion would be granted, the Court finds that plaintiff has demonstrated that a

protective order staying disclosures and discovery is appropriate. See Mlejnecky, 2011 WL 489743, at *6 (“Judges in the Eastern District of California and Northern District of California have applied variations of [the two-part] test with frequency.”).

Plaintiff’s Motion for Summary Judgment argues that AB 288 is preempted by the NLRA under two preemption doctrines: Garmon preemption and obstacle preemption. Under Garmon, states are prevented “not only from setting forth standards of conduct inconsistent with the substantive requirements of the NLRA, but also from providing their own regulatory or judicial remedies for conduct prohibited or arguably prohibited by the Act.” (ECF No. 39-1 at 17) (quoting Wisconsin Department of Industry, Labor and Human Relations v. Gould Inc., 475 U.S. 282, 286 (1986)). Plaintiff further argues that there is no recognized exception to Garmon that would permit the challenged portions of AB 288 to proceed, there are only two specific sections of the NLRA in which plaintiff may expressly cede or decline jurisdiction, and plaintiff may not “impliedly” cede jurisdiction. Id. at 17-22. Last, plaintiff argues that AB 288 is preempted on obstacle preemption grounds. Id. at 22-23.

Intervenor argues that plaintiff’s Motion for Summary Judgment does not succeed on the merits.[1] (ECF No. 57 at 10-11.) Particularly, intervenor argues that plaintiff’s reliance on Garmon is inapplicable, as Congress envisioned the NLRB to be an independent agency, and that such findings can be extended to plaintiff’s arguments regarding obstacle preemption. (ECF No. 57 at 10-11.) The Court finds these arguments unavailing, as the district court has already concluded plaintiff was likely to succeed on the merits on its Garmon preemption argument when ruling on the motion for a preliminary injunction. (ECF No. 30 at 15-16.)

Plaintiff asserts that the Motions for Summary Judgment are facial preemption challenges and are purely questions of law, therefore no additional discovery is needed. (ECF No. 57 at 9.)

---

[1] Intervenor also opposes plaintiff’s motion to stay using a fact-specific and posture-specific case-by-case analysis considering a non-exhaustive list of factors, such as: the type of pending dispositive motion, whether it is a challenge as a matter of law or to sufficiency of the complaint’s allegations, and any other relevant circumstances. (ECF No. 57 at 7) (quoting Ministerio Roca Solida v. United States Department of Fish and Wildlife, 288 F.R.D. 500, 503-04 (D. Nev. 2013). The undersigned declines to adopt this approach. See Mlejnecky, 2011 WL 489743, at 6 n.9.

Conversely, the intervenor argues that discovery is still necessary, arguing that facial preemption challenges like plaintiff's do not necessarily foreclose a need for discovery, and that the Court will find discovery is necessary to support intervenor's arguments regarding lost independence and agency atrophy. (ECF No. 57 at 9-14.) Intervenor specifically argues that a nearly identical motion to quash discovery was filed by plaintiff in the Northern District of New York, NLRB v. New York, 25-cv-01283-GTS-ML (N.D.N.Y.), and the magistrate judge there denied the motion and directed plaintiff to respond to the defendants' discovery demands. (ECF No. 57 11-12.) Intervenor argues that, as in this motion, the plaintiff in the Northern District of New York action had argued that Garmon preemption was purely a legal issue, and that discovery concerning the issue of lost independence was unwarranted. Id.

Upon review of the items cited by intervenor, the Court concludes that the Northern District matter was in a different posture as plaintiff there moved to quash discovery independent of the filing of a dispositive motion. NLRB v. New York, 25-cv-01283-GTS-ML (N.D.N.Y.) (ECF Nos. 59, 63). Further, while a motion for a preliminary injunction was filed, it was eventually withdrawn without findings on the merits of plaintiff's arguments regarding Garmon preemption. Id. at (ECF No. 45). Here, a briefing schedule has been issued, with the parties' responses to the State's cross-motion for summary judgment and replies still outstanding. (ECF No. 43.); see Docket. Therefore, the Court disagrees with intervenor that further discovery is needed, concludes that the second prong of the two-prong test is satisfied, and grants plaintiff's motion to stay discovery pending the resolution of the Motions for Summary Judgment.

Intervenor requests that if the Court grants plaintiff's motion to stay discovery, that such a stay should not apply to any possible appeals of the district court's resolution of the pending motions; if plaintiff were to appeal the district court's decision, it must request an additional stay of discovery. (ECF No. 57 at 8-9.) At the hearing, plaintiff's counsel did not object to intervenor's request.

Accordingly, it is HEREBY ORDERED that plaintiff's motion to stay discovery pending the resolution of the Motions for Summary Judgment (ECF No. 40) is GRANTED. If plaintiff wishes to appeal the decision of the district court regarding the pending summary judgment

motions, it must seek an additional stay of discovery at the appropriate time.

Dated: October 15, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, nlrb.25cv2979